[No. 1652-3.    Division Three.    August 24, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JESUS ORTEGA PEREZ, *Appellant*.

*Jerry J. Moberg* and *Moberg & Moberg,* for appellant.

*Paul A. Klasen, Jr., Prosecuting Attorney,* for respondent.

McINTURFF, C.J.—Jesus Ortega Perez appeals convictions on three counts of first-degree murder.

The facts surrounding the murders are immaterial to our resolution of these issues: (1) whether the trial court erred in refusing to dismiss the charges because defendant was not brought to trial within 60 days of his first court appearance; (2) whether defendant was denied a fair trial because of the manner in which the jury panel that tried the defendant was selected; and (3) whether the defendant was denied a fair trial by not being released on bail pursuant to CrR 3.2.

With regard to the first issue, defendant's first court appearance was February 10, 1975. On February 14, a trial date was set for April 7. On March 17, defendant sought a continuance. On March 21, the trial date was reset for May 5. On April 23, an eyewitness to the murders was hospitalized as a result of an auto accident. On April 28, the State moved for a continuance and an order permitting the deposition of the witness because of her critical condition. On April 29, the trial date was reset for May 26 and the request for the deposition was allowed subject to an agreement with the hospital and the parties as to the date. Because of a problem inherent in taking a deposition pursuant to CrR 4.6, *i.e.,* having the defendant present, and the witness' condition, the deposition was never taken.[1] On May 2, the court on its own motion, after learning that May 26 was occupied by a long pending civil jury case which involved six different attorneys, reset the defendant's case for June 9.

---

[1] The record is silent as to why the deposition was not taken. This explanation comes from the respondent's brief and was not challenged by defendant's counsel.

Defendant contends: (1) the continuance at the State's request was improper because the witness was one of five eyewitnesses to the shooting—thus, her testimony would have been merely cumulative; and (2) the continuance on the court's own motion was improper because criminal cases take precedence over civil cases. Consequently, the defendant argues that he was not brought to trial within the time limits of CrR 3.3, making the dismissal of the charges mandatory. We disagree.

The rulings on the State's motion for a continuance rest in the sound discretion of the trial court and will not be overturned except for a manifest abuse of that discretion. The testimony to be introduced through the witness was not merely cumulative, *i.e.*, in addition to being one of the few witnesses to the murders who spoke English, she was the bartender on duty where the murders occurred and had contact with the defendant several times during the evening of the murders. We find no abuse of discretion.

Counsel's statement that criminal cases have precedence over civil cases in trial settings and that the priority is absolute during the initial 60-day period is correct; *cf. State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975); however, once a valid continuance is granted, keeping utmost in mind the high priority given the setting of criminal cases, the wise discretion of the trial court may be used in exceptional circumstances to set cases beyond the 60-day limit of CrR 3.3. In the present sitiatuion, the civil jury case had long been set for May 26 and involved six attorneys who had scheduled their time to coincide for that date, a delay of 9 judicial days from May 26 until June 9 in this circumstance was within the reasonable latitude accorded the trial court in affectuating the strict mandate of CrR 3.3.

As for the second issue, whether the manner of jury selection denied defendant a fair trial, the record discloses that the service of jury summons was made successfully on 142 of the 170 persons on the original jury list. Fifty-nine claimed and received exemptions from service. This re-

sulted in 83 persons being available to serve as jurors; however, on the morning of June 9 only 47 persons appeared for duty. This failure of 36 persons to appear was not explained and the defendant contends that this was a denial of his right to due process.

Defendant neither cites this court to any probative authority for his contention nor explains how he was prejudiced. Because the contention does not appear on its face to be well taken, we need not consider it. *State v. Rutherford*, 66 Wn.2d 851, 405 P.2d 719 (1965). Notwithstanding, we have examined the record and cannot find any prejudice resulting from the jury selection process. The defendant did not exercise all of his peremptory challenges and two prospective jurors were still available when the panel was completed. *See State v. Robinson*, 75 Wn.2d 230, 450 P.2d 180 (1969).

With regard to the third issue, the defendant contends that he was denied a fair trial because he was not released pursuant to CrR 3.2, *i.e.*, defendant was prevented from effectively aiding his attorney and preparing his defense. While it appears that the denial of defendant's motion for pretrial release was not disposed of in accordance with CrR 3.2, we have reviewed the record in light of defendant's allegations and cannot find any prejudice. *See State v. Ogle*, 78 Wn.2d 86, 469 P.2d 918 (1970).

There is overwhelming evidence to support the jury verdict. The judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied October 18, 1976.

Review denied by Supreme Court March 8, 1977.