[No. 5496-1.   Division One.   October 16, 1978.]

THE STATE OF WASHINGTON, on the Relation of James F. Nugent, Jr., Appellant, v. BILL LEWIS, Respondent.

*Treece, Richdale & Malone* and *Thomas W. Malone,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

RINGOLD, J.—James F. Nugent was arrested in King County on October 12, 1976, and charged with driving a motor vehicle while under the influence of intoxicating liquor. On November 17, 1976, the trial date, Nugent appeared and requested a continuance to retain counsel. On

November 19, 1976, Nugent's counsel filed a formal notice of appearance and document entitled "Request for Bill of Particulars Pursuant to JCrR 2.04(b)." Trial was continued to February 1, 1977. On that day, the arresting officer, who had been subpoenaed, failed to appear. After an unsuccessful attempt to reach him, the State moved for a continuance. The motion was granted and the case was continued until the next day. Nugent then moved to dismiss the charges because (1) the trooper was not present, and (2) his request for a bill of particulars had not been answered. The motion to dismiss was denied; whereupon Nugent filed a writ of prohibition in Superior Court, which was denied on February 23, 1977. In denying the petition, the court set forth the following conclusions of law:

> The Honorable Bill Lewis acted within his authority and discretion in granting a continuance and refusing to dismiss this action because a witness did not appear.

Conclusion of law No. 2.

> The Honorable Bill Lewis acted within his authority and discretion in refusing to dismiss this action because the plaintiff had not complied with the defendant's Request For Bill of Particulars.

Conclusion of law No. 3.

> Under the facts of this case, interlocutory relief was inappropriate, because the defendant has a legal remedy by seeking a writ of review to Superior Court following final judgment below. *State v. Houser,* 16 Wn. App. 363, 368, 556 P.2d 556 (1976).

Conclusion of law No. 4. It is from this determination that Nugent appeals.[1]

■ Nugent contends that the trial court erred in failing to grant his writ of prohibition. Specifically, he argues that there was no legal basis for the justice court to continue his trial pursuant to JCrR 3.08. JCrR 3.08 provides:

---

[1] A petition for review has been granted by the Supreme Court in *State ex rel. Moore v. Houser,* 88 Wn.2d 1016 (1977). We have determined that this appeal should be decided without reference to that decision.

Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

It is clear that the decision to grant or deny a motion for continuance is discretionary with the trial court, and that decision should not be overturned absent abuse of discretion. *State v. Eller,* 84 Wn.2d 90, 524 P.2d 242 (1974); *State v. Perez,* 16 Wn. App. 154, 553 P.2d 1107 (1976). Further, in *State v. Sutherland,* 3 Wn. App. 20, 21–22, 472 P.2d 584 (1970), this court stated:

Discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion. *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970).

Here, the record demonstrates that the court did not abuse its discretion in granting the continuance. In its ruling on the motion, the court stated:

The defendant moved to dismiss because the arresting officer did not appear. The Court noted that both Trooper Alston and a BA technician had been subpoenaed; the former did not appear but the latter did appear. The plaintiff had taken the proper legal steps to insure witness attendance by requesting that the clerk issue a subpoena. The Court noted that this case had been continued from November 17, 1976 until February 1, 1977 at the request of defense counsel. The crime charged is Driving While Under the Influence of Intoxicating Liquor and/or Drugs, which is both a mandatory appearance crime as a legal matter, and a very serious crime insofar as society is concerned. For these reasons the Court feels that this matter should not be dismissed, and further that there is no legal mandate for such an

action under the laws, court rules and case decisions in the State of Washington. The Court rules that a proper disposition was a continuance to an early trial date for a decision on the evidence. Consequently this matter was continued until an evening calendar on the next day, February 2, 1977.

Upon learning that the arresting officer could not be in attendance, the decision to continue the matter was a reasonable exercise of judicial discretion. *State ex rel. Rushmore v. Bellevue Dist. Justice Ct.,* 15 Wn. App. 675, 552 P.2d 693 (1976).

Next, Nugent argues that the trial court erred in failing to dismiss the cause on the ground that the State had failed to comply with his request for a bill of particulars. The purpose of a bill of particulars is to aid a defendant in a criminal action in the preparation of a proper defense. The furnishing of a bill of particulars is discretionary in the trial court, whose ruling will not be disturbed absent a showing of abuse of discretion. *State v. Devine,* 84 Wn.2d 467, 527 P.2d 72 (1974); *State v. Mesaros,* 62 Wn.2d 579, 384 P.2d 372 (1963). We agree with the trial court that the citation in the instant case provides the necessary information to prepare a proper defense. Nugent was aware of the nature of the charge and possessed sufficient information to respond. Under such circumstances, the trial court acted properly when it denied the request for a bill of particulars.

Affirmed.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied February 14, 1979.

Review granted by Supreme Court May 25, 1979.