[No. 13214–8–I. Division One. July 19, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD
NORMAN PALMER, *Appellant.*

*Raymond H. Thoenig* and *Jonathan S. Cole* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn Nowogroski, Deputy,* for respondent.

DURHAM, C.J.—Harold Palmer appeals his convictions of second degree robbery and attempted first degree robbery. He claims that the trial court erred by extending the trial

date beyond the limits provided by the speedy trial rule. We find no error and affirm the convictions.

Palmer was charged with one count of second degree robbery and one count of attempted first degree robbery. He was arraigned on January 13, 1983, and a trial date was originally set for March 3, 49 days after the arraignment. The case was not assigned out on March 3 or 4, and on Monday, March 7, the trial deputy began a negligent homicide trial. When it became apparent that that trial would not conclude within the week, the trial deputy's supervisor requested a 5–day extension of the speedy trial period. Palmer objected to the extension, but the court granted the motion and found that there was no showing of prejudice to Palmer as a result of the delay.

On March 16, the last day of the first extension, the State moved for another 5–day extension on the grounds that its trial deputy still had not completed the negligent homicide trial. The State indicated that it might be ready for trial the next day, but that Palmer's counsel would herself be in trial that day. Palmer's counsel objected to the delay, although she admitted she would be unable to try the case the next day. With a warning that this would be the final extension, the court granted a continuance:

> The Court finds that there is unavoidable delay due to the fact that both the prosecution and defense counsel are presently assigned to trial. We expect to complete their respective cases sometime by Friday of this week. Therefore, the Court finds that there is unavoidable delay, not foreseeable, that proper cause exists under Criminal Rule 3.3(d)(8), and continuance of this matter is not to exceed five days and that this matter go to trial not later than Monday next, which will be March 21, 1983.

Trial began on March 21, 67 days after Palmer's arraignment. Palmer was convicted by a jury on both counts. On appeal, Palmer claims that the extension of the speedy trial period was improper.

The speedy trial rule, CrR 3.3, requires that defendants in custody be brought to trial not later than 60 days from

the date of arraignment. In this case, the trial court extended the trial date pursuant to CrR 3.3(d)(8), which provides:

> *Five–Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension. If the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments of not to exceed 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. *The court must state on the record or in writing the reasons for the extension.*

Palmer argues that the prosecutor's involvement in another trial is not an "unavoidable or unforeseen" circumstance pursuant to this section. He claims that the shortage of deputy prosecutors is analogous to inadequate judicial manpower, which has been held not to constitute good cause for delay under the speedy trial rule. *State v. Taylor,* 17 Wn. App. 736, 739–40, 565 P.2d 102 (1977). We disagree.

■■ A general allegation of docket congestion is insufficient reason to extend a trial setting beyond the time limits of the speedy trial rule. *State v. Mack,* 89 Wn.2d 788, 793, 576 P.2d 44 (1978). Nor is "[s]elf–created hardship", such as burdensome jury selection procedures, an excuse for a court to set a trial date beyond the prescribed period. *Mack,* at 794. However, this case falls within neither category. The trial deputy's scheduling difficulties were the result of delay in assignment out of the presiding department and the particular complications of her negligent homicide trial. These problems were specific, unpredictable, and certainly not self–created. Accordingly, the delay was the result of unforeseen and unavoidable *circumstances* beyond the control of the court or parties, and, as such, was

a proper reason to grant an extension pursuant to CrR 3.3(d)(8). Granting a continuance pursuant to CrR 3.3 is a matter which rests within the discretion of the trial court, and is reviewable on appeal only for a manifest abuse of discretion. *State v. Alford,* 25 Wn. App. 661, 665, 611 P.2d 1268 (1980), *aff'd,* 95 Wn.2d 629, 628 P.2d 467 (1981). We hold that the trial court did not abuse its discretion in granting an extension in this case.

■ Palmer's claim that the trial court did not state on the record its reasons for the extension is also without merit. In granting the second continuance, the court expressly referred to "the fact that both the prosecution and defense counsel are presently assigned to trial." In granting the first continuance, the trial court did not recite its grounds, although the grounds are clear from the verbatim report of proceedings. The purpose of requiring the court to state on the record its grounds for an extension is to facilitate appellate review. *State v. Williams,* 85 Wn.2d 29, 31–32, 530 P.2d 225 (1975). Because the grounds for the court's ruling in this case are evident from the record, the court did not err in failing to recite them.

The judgment is affirmed.

ANDERSEN and SCHOLFIELD, JJ., concur.