[No. 6386–1–III. Division Three. January 30, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
WALTER KOKOT, *Appellant.*

GREEN, C.J., dissents by separate opinion.

*Jerry T. Dyreson* and *Taylor & Dyreson,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Robert P.
Kingsley, Deputy,* for respondent.

THOMPSON, J.—David Walter Kokot appeals his convic-
tion for second degree assault. The sole issue is whether
Mr. Kokot's right to a speedy trial under CrR 3.3 was vio-
lated. We reverse the conviction and order the charge dis-
missed.

Mr. Kokot was originally charged with first degree
assault on June 16, 1983, as the result of an incident on

June 11, 1983. He was released on bond after his first appearance in Spokane County District Court on June 17, 1983. An information was filed in Spokane County Superior Court on September 1, 1983. Arraignment was held September 12, 1983, at which time trial was set for October 19, 1983. Because that trial date was beyond the 90 days provided in the speedy trial rule, Mr. Kokot executed a valid, agreed waiver of speedy trial.

On October 19, 1983, when both parties appeared at the presiding department, ready for trial, they were informed by the court that no courtroom was available. The court indicated that even giving preference to criminal cases, all courts would likely be in use for 2 weeks. The deputy prosecutor then informed the court if a continuance were to be granted, it would have to be to November 14, 1983, because (1) his key witness would not be available between October 24, 1983, and November 14, 1983, due to a prearranged hunting trip, and (2) he was scheduled to commence a first degree murder trial on October 24, 1983, and that defendant, who was in custody, had not waived his speedy trial rights. Mr. Kokot objected to any continuance and indicated his readiness for trial.

The presiding judge, apparently relying on CrR 3.3–(h)(2),[1] continued the case to November 14, 1983, indicating he was doing so in the due administration of justice.[2] Thereafter on two occasions, Mr. Kokot moved for dis-

---

[1] CrR 3.3(h)(2) reads:

"**Continuances.** Continuances or other delays may be granted as follows:

". . .

"(2) On motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of his or her defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance."

[2] The actual order of continuance, prepared by the deputy prosecutor for the judge's signature, reads in pertinent part:

"I. Basis

"The Court, on its own motion moved the continuance of the trial date.

missal based on a violation of CrR 3.3. Both motions were denied prior to trial. On November 14, 1983, trial commenced resulting in Mr. Kokot's conviction for the lesser included offense of second degree assault.

Granting a continuance pursuant to CrR 3.3 is a matter which rests within the discretion of the court, and is reviewable on appeal only for a manifest abuse of discretion. *State v. Palmer*, 38 Wn. App. 160, 163, 684 P.2d 787 (1984); *State v. Alford*, 25 Wn. App. 661, 665, 611 P.2d 1268 (1980), *aff'd sub nom. State v. Claborn*, 95 Wn.2d 629, 628 P.2d 467 (1981).

The respondent contends there was no abuse of discretion, citing *State v. Palmer, supra; State v. Lingo*, 32 Wn. App. 638, 649 P.2d 130 (1982); and *State v. Perez*, 16 Wn. App. 154, 553 P.2d 1107 (1976), *review denied*, 88 Wn.2d 1005 (1977).

Those cases are distinguishable. In *Palmer,* the prosecutor was already in another trial when Mr. Palmer's trial was scheduled to commence. A 5–day extension was granted pursuant to CrR 3.3(d)(8).[3] Because the prosecutor was

---

"II. Finding

"After reviewing the case record to date, and the basis for the motion, the court finds that: Both parties are ready for trial; Due to unforeseen circumstances there are no courts available; One of the state's witnesses will be unavailable until 11/14/83; Continuance is necessary in the due administration of justice and there is no prejudice to Defendant.

"III. Order

"It Is Ordered that: the trial set for 10/19/83 is continued to 11/14/83 at 9:00 A.M.

"Dated: 10/19/83

"    /s/ Marcus M. Kelly
    "Judge

"Presented by:                    Approved:
"Robt. P. Kingsley, DPA           Jerry T. Dyreson         "

[3]CrR 3.3(d)(8) reads:

"**Extensions of Time for Trial.** The following extensions of time limits apply notwithstanding the provisions of section (c):

"...

"(8) *Five–Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time

still involved in the same trial at the end of the first extension, a second extension of 5 days was granted, pursuant to CrR 3.3(d)(8).

In the instant appeal, the deputy prosecutor was scheduled to commence a murder trial the following week. In fact, that murder trial was later postponed, and the deputy prosecutor was thus available to try Mr. Kokot's case. Because the court continued the case under CrR 3.3(h)(2) for 27 days, Mr. Kokot's trial could not commence despite this intervening change in circumstances. Had the court extended time for trial for the 5 days provided for in CrR 3.3(d)(8), presumably Mr. Kokot could have been tried on October 24, 1983.

*State v. Lingo, supra,* is also distinguishable. In that case, codefendants charged with first degree rape executed waivers to a date later discovered to be a Saturday (June 14). The court, on May 29 (before trial), continued the matter from Monday, June 16, to Wednesday, June 18, finding Wednesday was the earliest *available date.* The defendants appealed the 2–day continuance, but the court concluded a 2–day continuance was necessary in the due administration of justice and the defendants were not prejudiced thereby. *State v. Lingo, supra* at 643.

Again, in the instant case on the day set for trial the court continued the matter for 27 days, first on the court's own motion and then on the prosecutor's oral motion.

■ It is important to focus on the primary reason why this challenged continuance was granted. The presiding court indicated no courtrooms were available and it did not appear any would be available for the following 2 weeks.

within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension. If the nature of the unforeseen or unavoidable circumstances continues, the court may extend the time for trial in increments of not to exceed 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension."

This "reason" for a continuance is in reality court congestion, which was condemned in *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). Nothing in the record indicates how many courtrooms were actually in use at the time of this continuance, the availability of visiting judges to hear criminal cases in unoccupied courtrooms, etc. Without these facts, a continuance granted for court congestion was an abuse of discretion. *Mack,* at 795.

Once the court had decided to continue the matter, the complaining witness' hunting trip was a factor in deciding to continue it for 27 days, but court congestion, not the hunting trip, was the actual reason for the continuance.

This state has always been strict in its application of the speedy trial provisions of CrR 3.3. "[P]ast experience has shown that unless a strict rule is applied, the right to a speedy trial as well as the integrity of the judicial process, cannot be effectively preserved." *State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976).

The dissent would have us believe there is some provision in CrR 3.3 which weighs the availability of the State's witnesses, even the alleged victim, against the requirement to proceed to trial within a certain time frame. A thorough and exhaustive search of the rule, as it presently exists, reveals that the schedule of the State's witness' hunting trip need not be taken into account when considering the granting or denial of a continuance.

The dissent also relies on the decision in *State v. Campbell,* 103 Wn.2d 1, 14, 691 P.2d 929 (1984) to justify a long extension in this case. The trial court in *Campbell* was faced with a difficult Hobson's choice, *i.e.,* risk reversal based on ineffective counsel versus reversal for continuing the trial past the speedy trial limits. The trial court in *Campbell* made a rational choice in that dilemma. No such problem was presented here.

Finally, the respondent contends the State was entitled to a new 90–day period when the trial "aborted" on the day of trial through no fault of the State, citing *State v. Pomeroy,* 18 Wn. App. 837, 573 P.2d 805 (1977). This novel

argument is without merit and need not be addressed.

Because Mr. Kokot's right to a speedy trial was violated, the conviction is vacated, and the charge dismissed. CrR 3.3(i).

McINTURFF, J., concurs.

GREEN, C.J. (dissenting)—Since I find no manifest abuse of the trial court's discretion in continuing the trial date to November 14, 1983, under CrR 3.3(h)(2), I respectfully dissent.

The court in its order of continuance found:

Both parties are ready for trial; Due to unforeseen circumstances there are no courts available; One of the state's witnesses will be unavailable until 11/14/83; Continuance is necessary in the due administration of justice and there is no prejudice to Defendant.

CrR 3.3(h)(2) provides:

On motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of his or her defense. . . . The court must state on the record or in writing the reasons for the continuance.

Recently, in *State v. Campbell,* 103 Wn.2d 1, 14, 691 P.2d 929 (1984), the court affirmed the well established principle that "a trial court's grant or denial of a motion for continuance will not be disturbed absent a showing of manifest abuse of discretion." I find no abuse here for several reasons.

First, as required by CrR 3.3(h)(2), the court stated its reasons in its order of continuance. These reasons are supported by the record and are adequate.

The court stated unavailability of courts as a reason for the continuance. This was an unforeseen circumstance, and although not explained in the record, it is apparent cases then in trial had not concluded as expected. When the judge considered what to do about it, he discovered the

State's victim witness would be unavailable until November 14. Aside from defendant's demand he be tried that day, there was no claim of prejudice asserted by him. In fact, he waived a speedy trial in September. Additionally, the prosecutor assigned to try this case was scheduled to try a first degree murder case on October 24. Considering all of these facts, the court decided to continue the trial to November 14, the first date all the participants would be available and present. I do not find this determination to be unreasonable nor an abuse of discretion.

The majority premises its result on the assertion of court congestion. I do not find evidence of court congestion in the record. As in *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978), the type of court congestion condemned by decisions under CrR 3.3 occurs when a court cannot timely set a case in the *first* instance because of a congested calendar. *State v. Palmer,* 38 Wn. App. 160, 162, 684 P.2d 787 (1984). That is not the situation in this case. Here, the defendant waived a speedy trial setting within the rule in September; the case was then set for October 19, a date beyond the rule. Then only because of unforeseen circumstances calling for the exercise of discretion in the due administration of justice, the court continued the trial until all participants were available. This was an act of discretion properly exercised.

Second, I do not find the failure to grant 5-day extensions under CrR 3.3(d)(8) a compelling reason to dismiss the charges against the defendant. Under the facts of this case, the victim witness was unavailable until November 14. This would have meant a series of extensions until the victim witness became available—a useless act.

Finally, a dismissal of the charge would not further the due administration of justice—it would frustrate it. In my view, CrR 3.3 must be construed to allow some flexibility in situations like the instant one where the defendant is not prejudiced and the court has not abused its discretion but made a practical decision.

740

I dissent.

Review denied by Supreme Court May 6, 1986.