IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>   v.<br><br>HAROLD STANLEY GLOVER,<br><br>     Appellant. | No. 86605-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — In 2023, the State charged Harold Glover with felony harassment. The court set Glover's trial date for December 6, 2023. The court continued trial several times pursuant to Superior Court Criminal Rule (CrR) 3.3(f)(2) because of prosecutor unavailability, witness unavailability, and judicial unavailability. Glover objected to the continuances. Glover then moved to dismiss for violation of CrR 3.3 and his constitutional right to a speedy trial. The court denied Glover's motion. Trial began in March 2024. The jury was not instructed that it must reach a unanimous decision as to which of Glover's acts constituted the crime. The jury convicted Glover of the lesser included offense of misdemeanor harassment. Glover appeals.

Because the continuances were for good cause and Glover was not prejudiced by the continuances, Glover's right to speedy trial was not violated. In addition to good cause, the February 6th continuance was moved during the cure period as allowed under CrR 3.3(g). Finally, Glover's actions were a continuing course of conduct, therefore a unanimity instruction was not required. Finding no error, we affirm the trial court.

FACTS

On August 29, 2023 at about 6:00 a.m., Justin Dick was driving to work when he noticed he was being followed by another vehicle. The driver of the other vehicle was Harold Glover, who Dick did not know. Glover brandished a gun out the window of his vehicle and pointed it toward the sky. Dick drove away, and Glover continued to follow him. Glover then blocked Dick's path of travel and pointed his gun at Dick. At 6:05 a.m., Dick called law enforcement and Glover was arrested. The State charged Glover with one count of felony harassment.

Glover was out of custody throughout the proceedings of his case. Trial was scheduled to begin December 6, 2023, with an expiration date of December 12, 2023. On December 12, 2023, the court granted a continuance at the request of the prosecutor, who was in another trial. The prosecutor argued no other prosecutor was available to adequately get up to speed and try the case on the scheduled date. The court found that another prosecutor taking over the case to be logistically and practically impossible. The continuance was granted, and the trial was set for January 2, 2024, with a new expiration date of February 2, 2024. Glover objected on the record to the extended continuance, however the court overruled it.

On February 6, 2024, a second continuance was granted because of judicial unavailability. Glover objected to the extension. The trial was continued to March 4, 2023, expiring on April 3, 2024.

On February 8, 2024, Glover moved to dismiss for violation of CrR 3.3, arguing that the continuances were not valid and violated his right to a speedy trial. The court denied the motion. The case proceeded to jury trial in March 2024. The jury instructions did not include an instruction that the jury needed to reach a unanimous decision as to which act constituted the crime. Glover was

found not guilty of felony harassment and guilty of the lesser crime of misdemeanor harassment.  Glover appeals.

ANALYSIS

Right to Speedy Trial

Glover asserts that the court's administrative continuances violated the speedy trial rule because the court failed to give him notice or the opportunity to be heard regarding any potential prejudice.  The State contends that there was good cause and the continuances were properly granted.  We agree with the State.  But even if the trial court did err by granting the February 6th continuance, no violation happened because the trial took place within the allowable time under the cure period.

This court reviews alleged violations of the right to speedy trial de novo. *State v. Ollivier*, 178 Wn.2d 813, 826, 312 P.3d 1 (2013).  The right to a speedy trial is protected by the Sixth Amendment of the United States Constitution and article I, section 22 of the Washington Constitution.  *Ollivier*, 178 Wn.2d at 826. The two are coextensive.  *Ollivier*, 178 Wn.2d at 826.  If a defendant's right to a speedy trial is violated, the remedy is dismissal of the charges with prejudice. *State v. Iniguez*, 167 Wn.2d 273, 282, 217 P.3d 768 (2009).  The analysis is fact-specific and looks at the conduct of both the prosecution and the defendant. *Ollivier*, 178 Wn.2d at 827.  Among the nonexclusive factors to be considered are the " '[l]ength of delay, the reason for the delay, the defendant's assertion of [their] right, and prejudice to the defendant.' "  *Ollivier*, 178 Wn.2d at 827 (first alteration in original) (quoting *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)).  Furthermore, the decision to grant or deny a continuance is reviewed for abuse of discretion. *City of Seattle v. Clewis*, 159 Wn. App. 842, 847, 247 P.3d 449 (2011).  "Discretion is abused when the trial court's decision is

manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

Under CrR 3.3(b)(2), trial for a defendant who is not in custody must start within 90 days of commencement. Continuances may be granted on the motion of a party or the court when "required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2). If granted, the court must state on the record or in writing the reason for the continuance. CrR 3.3(f)(2). If the charge is not brought to trial within the time limit, the case shall be dismissed with prejudice. CrR 3.3(h).

CrR 3.3(g) allows for a cure period in which the court can continue the case within five days after the time for trial has expired. If granted, the time for trial is extended no more than 28 days for a defendant out of custody. CrR 3.3(g). Granting a continuance in a speedy trial period because of unavoidable or unforeseen circumstances beyond the control of the court or other parties is a matter within the discretion of the trial court. *State v. Palmer*, 38 Wn. App. 160, 162, 684 P.2d 787 (1984).

Here, we must address (1) whether the continuances were required in the administration of justice, and (2) whether Glover was prejudiced by the continuances.

1. Required in the Administration of Justice

First, we analyze whether the continuances were in the administration of justice. Glover asserts that his case was continued multiple times without notice and without an opportunity to be heard. The State claims the trial court complied with CrR 3.3 when it continued Glover's case.

Courts have found several instances in which continuances are for good cause, including: the unavailability of counsel, the unavailability of a material witness, and court congestion. *See In re Det. of Kirby*, 65 Wn. App. 862, 868-69,

829 P.2d 1139 (1992); *State v. Nguyen*, 68 Wn. App. 906, 914-15, 847 P.2d 936 (1993); *State v. Kenyon*, 167 Wn. 2d 130, 136, 216 P.3d 1024 (2009).

The continuances in this case were for three reasons. First, the initial continuance was due to the prosecutor being in trial and no other prosecutor being available.[1] In *Kirby*, we held that counsel's unavailability can be an unforeseen and unavoidable circumstance, justifying the grant of a continuance. 65 Wn. App. at 868.

Next, a continuance was granted because of courtroom unavailability. Courts can allow continuances because of congestion when they carefully make a record of the unavailability of judges and courtrooms and the availability of judges pro tempore. *Kenyon*, 167 Wn. 2d at 137.

Lastly, a continuance was granted due to Dick's preplanned vacation. The unavailability of a material state witness has also been held as valid grounds for continuing a criminal trial. *Nguyen*, 68 Wn. App. at 914-15.

These continuances are consistent with good cause continuances accepted by the court. Moreover, the February 6th continuance occurred during the cure period as allowed under CrR 3.3(g).[2] The trial court determined that the continuances were required in the administration of justice and there was no violation of Glover's speedy trial right.

2. Prejudiced in Preparing a Defense

Next, we look at whether Glover was prejudiced by the continuances. The defendant ordinarily must establish actual prejudice to the ability to prepare a defense. *Ollivier*, 178 Wn.2d at 826. "The exception is when the delay is so

---

[1] The State testified that there was no prosecutor available who could adequately take the case.

[2] Before the February 6th continuance, the trial expiration date was February 2nd.

lengthy that prejudice to the ability to defend must be conclusively presumed." *Ollivier*, 178 Wn.2d at 826.

Glover contends that defendants must have an opportunity to be heard regarding any potential prejudice. We recognize the best practice would be for the court to address on the record, with the defendant represented at the hearing, whether a continuance is necessary in the administration of justice and to address the issue of any prejudice. In this instance, the court's continuance rulings were made off the record and the court made a determination that the continuances were required for the administration of justice and then indicated the reason. When this occurs, it is imperative that the defendant have an opportunity to seek a hearing on the record to address any issues of prejudice to the defendant. Here, Glover sought a hearing after the continuances were granted, and the court held there was no prejudice. The trial court did not err.

Glover also claims that the court did not consider any potential prejudice as required by CrR 3.3(f)(2) before granting the continuances. Glover asserts that the court must consider the risk of prejudice to the defendant before granting a continuance. The State contends that Glover did not express any concerns regarding prejudice to his defense on the record.

Glover is correct that the court must consider whether the defendant will be prejudiced in granting a continuance. Nevertheless, contrary to Glover's assertion, the trial court considered potential prejudice and held that the continuances were not prejudicial because Glover did not face oppressive pretrial detention. Furthermore, Glover did not raise specific prejudice concerns about trial preparation. We agree with the trial court that Glover was not prejudiced by the continuances and no error occurred because of the continuances.

Unanimity Instruction

Glover asserts that the evidence suggested that Glover made three separate threats towards Dick. Therefore, the jury should have received a unanimity instruction.[3] Glover further contends that because there were three separate threats, the State should have informed the jury which threat was the basis of the charge. Conversely, the State asserts that Glover's multiple instances of pointing a gun was a single ongoing course of conduct and therefore, no unanimity instruction was required. We agree with the State.

A violation of a defendant's right to a unanimous verdict is constitutional error. *State v. Bobenhouse*, 166 Wn.2d 881, 893, 214 P.3d 907 (2009). Therefore, the standard of review is de novo. *State v. Siers*, 174 Wn. 2d 269, 274, 273-74 P.3d 358 (2012).

Under both the United States and Washington Constitutions, a defendant may not be convicted unless a unanimous jury concludes that the criminal act charged in the information has been committed. *Ramos v. Louisiana*, 590 U.S. 83, 92, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020); *State v. Petrich*, 101 Wn.2d 566, 569, 683 P.2d 173 (1984), abrogated on other grounds by *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1998). One exception to jury unanimity is when a continuing course of conduct forms the basis of one charge. *Petrich*, 101 Wn.2d at 571. One continuing offense must be distinguished from several distinct acts. *Petrich*, 101 Wn.2d at 571. For a crime to be considered a "continuing course of conduct," the defendant generally must commit the alleged acts during "only a small time frame" and as part of a single, overarching criminal act. *State v. Crane*, 116 Wn.2d 315, 330, 804 P.2d 10 (1991). Courts have

---

[3] Glover asserts the three separate threats were when Glover: (1) held his arm out the car window with the gun, (2) chased down Dick in his car, and (3) blocked Dick with his vehicle and pointed the gun at Dick.

found that actions within an hour after the initial crime and as part of an overarching crime are sufficient to be a short amount of time for continuing conduct. *State v. Walton*, 29 Wn. App. 2d 789, 816-17, 542 P.3d 1041, *review denied*, 3 Wn.3d 1025 (2024).

Although Glover listed each act as separate events, they occurred sequentially and as part of the same interaction with Dick. Dick stated throughout the encounter that he was scared, terrified, and afraid for his life. Once Glover initially pointed the gun at Dick, Dick's fear was consistent throughout the course of Glover's harassment.[4] Furthermore, the sequence of events took place in a manner of minutes. Dick's encounter with Glover started around 6:00 a.m. and Dick called law enforcement by 6:05 a.m. Glover's actions were not separate and distinct from each other. Instead, his actions were a continuing course of conduct that was harassment of Dick. Therefore, a unanimity instruction was not required.

We affirm.

_____

WE CONCUR:

_____        _____

---

[4] Dick testified that from the first time he saw the gun, his fear never went away.