[No. 13753-1-I.   Division One.   April 29, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. WARREN
ERIC ARMSTEAD, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cindy K.
Smith, Deputy,* for respondent.

CORBETT, C.J.—Defendant Warren Armstead appeals his
judgment and sentence for three counts of possession of
stolen property in the second degree. He alleges that there
was a violation of his right to a speedy trial under CrR 3.3.
We affirm.

Armstead was arraigned on January 19, 1983. On April
18, 1983, the 89th and next to last day of the speedy trial
period under CrR 3.3(c)(1), the defendant's case was
assigned for trial on the assumption that it would be a trial
based upon stipulated evidence. Upon reporting to the
judge to whom the case had been assigned, the defendant

filed an affidavit of prejudice, and the case was returned to the presiding department for reassignment. Due to defense counsel's assurances that the trial would be based upon stipulated evidence, the State had excused its witnesses, and they were out of town. Defendant's counsel disputed that he had agreed to such a trial, and Armstead apparently had second thoughts. The State then moved for a 5–day extension of time pursuant to CrR 3.3(d)(8), arguing that its witnesses were unavailable; Armstead's second thoughts were unforeseen; and he would not be prejudiced by the delay necessary to recall the witnesses. The presiding judge granted the 5–day extension and set an April 21, 1983, trial date. On that date, the defendant waived a jury trial and stipulated that the State could submit the police reports in lieu of live testimony. He then testified in his own behalf, denying that he knew some of the property found in his apartment was stolen. The court found him guilty on all three counts of possession of stolen property in the second degree.

Armstead asserts that the presiding judge abused his discretion in granting the 5–day continuance over defense objection. He assigns error to the continuance and denial of the motion to dismiss for violation of his speedy trial rights under CrR 3.3.

A 5–day extension may be granted pursuant to CrR 3.3(d)(8) because of unavoidable or unforeseen circumstances unless it substantially prejudices the defense. Such extensions are excluded in computing the time for trial. CrR 3.3(g)(3), (h)(2); *State v. Brown,* 40 Wn. App. 91, 697 P.2d 583 (1985). Granting a continuance pursuant to CrR 3.3 is a matter within the trial court's discretion and is reviewable on appeal only if there has been a manifest abuse of discretion. *State v. Campbell,* 103 Wn.2d 1, 14, 691 P.2d 929 (1984); *State v. Palmer,* 38 Wn. App. 160, 163, 684 P.2d 787 (1984). However, we do not reach the question of whether the court abused its discretion in granting the 5–day extension because we find that the decision of the trial court may be sustained on another basis. "[I]f the

judgment of a trial court can be sustained on any grounds, whether those stated by the trial court or not, it is our duty to do so." *State v. Ellis,* 21 Wn. App. 123, 124, 584 P.2d 428 (1978); *see also State v. Grundy,* 25 Wn. App. 411, 415–16, 607 P.2d 1235 (1980). Both the State and the defendant have overlooked the provisions of CrR 3.3(d)(6).

> *Disqualification.* If the prosecuting attorney or judge becomes disqualified from participating in the case, the defendant shall be brought to trial as prescribed by this rule or not later than 30 days following the disqualification, whichever is later.

CrR 3.3(d)(6). Clearly this rule applies to disqualification caused by the filing of an affidavit of prejudice. The 5–day extension was unnecessary, and the defendant's speedy trial rights were not violated because the case was tried within the 30–day period provided by CrR 3.3(d)(6). The trial court did not err by refusing to dismiss.

Affirmed.

SWANSON and COLEMAN, JJ., concur.