[No. 7259-2-III.   Division Three.   April 29, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. VICTOR LOUIS PESTRIN, *Appellant*.

*Victor Louis Pestrin,* pro se, and *Vickie L. Crutchfield,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Charles P. Schumacher, Deputy,* for respondent.

THOMPSON, J.—Victor L. Pestrin appeals his jury conviction of one count each of first and second degree theft. We affirm.

By information filed March 19, 1984, Mr. Pestrin was charged with first and second degree theft stemming from his sales of two used cars whose odometers had been altered. Mr. Pestrin's motion to dismiss based on the contention the charges should have been brought under the odometer provisions of RCW 46.37.540 and .550 was denied.

On April 11, 1984, the 90th day after arraignment, defense counsel filed an affidavit of prejudice against the judge to whom the case was assigned. The case was reassigned the following day. In denying Mr. Pestrin's CrR 3.3 motion to dismiss, the trial court ruled that although the trial commenced on the 91st day, CrR 3.3(d)(8) allowed a 5-day extension of time to be granted even if time for trial had expired. The court found unforeseen circumstances existed in the lack of available courts on the 90th day and

ruled Mr. Pestrin was not prejudiced by the 1–day delay in assignment. The court also denied Mr. Pestrin's pretrial motion in limine to exclude testimony of the automobile purchasers to the effect they would not have purchased the vehicles had they known the true mileage.

The evidence established Mr. Pestrin was a licensed automobile dealer or agent of a licensed dealer involved in the purchase and resale of used vehicles on the wholesale and retail market. On July 20, 1982, Mr. Pestrin purchased a 1978 Oldsmobile from Tom Price Chrysler–Plymouth for $2,600. The mileage registered on the odometer was 91,272. On July 28, when Mr. Pestrin sold the vehicle to Becker Buick for $4,500, the mileage shown on the odometer was 34,240. On September 24, 1982, Mr. Pestrin purchased a 1979 Chrysler Cordoba from the same seller for $2,500. When purchased the odometer registered mileage of 98,544, and when sold to an individual purchaser for $3,800, the mileage shown on the odometer was 43,296. Mr. Pestrin testified he knew the odometers had been changed, but chose not to disclose that fact to the purchasers. He appeals the judgment of the jury finding him guilty of both theft counts.

First, we consider whether the trial court erred in failing to dismiss the case pursuant to CrR 3.3. On the 89th day defense counsel said he was going to file an affidavit of prejudice and on the 90th day, he did so. The trial court ruled the trial commenced on the 91st day and contemporaneously granted a 5–day extension pursuant to CrR 3.3(d)(8) which provides in pertinent part:

> *Five–Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension.

CrR 3.3(d)(6) provides:

*Disqualification.* If the prosecuting attorney or judge becomes disqualified from participating in the case, the defendant shall be brought to trial as prescribed by this rule or not later than 30 days following the disqualification, whichever is later.

The facts of the instant case are similar to those in *State v. Armstead,* 40 Wn. App. 448, 698 P.2d 1102 (1985), where the court ruled the 5–day extension unnecessary in light of the fact the trial was actually held within the 30–day period provided by CrR 3.3(d)(6). Accordingly, no speedy trial violation is present.

We next examine whether general principles of statutory construction and Mr. Pestrin's equal protection rights were violated by charging him under the theft statutes rather than under the odometer statutes.

### General/Special Rule of Construction

State v. Shriner, 101 Wn.2d 576, 580, 681 P.2d 237 (1984) sets forth the well established rule of statutory construction that "'where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute.'" *Shriner,* at 580 (quoting *State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979)). The determining factor is "that the general statute will be violated in each instance where the special statute has been violated". *Shriner,* at 580.

The special odometer statute, RCW 46.37.550 provides:

It shall be unlawful for any person to sell a motor vehicle in this state if such person has knowledge that the odometer on such motor vehicle has been turned back and if such person fails to notify the buyer, prior to the time of sale, that the odometer has been turned back or that he had reason to believe that the odometer has been turned back.

Theft, as charged in this case means:

By color or aid of deception to obtain control over the

property or services of another or the value thereof, with intent to deprive him of such property or services; . . . RCW 9A.56.020(1)(b).

"Deception" occurs when, *inter alia,* an actor knowingly "[c]reates or confirms another's false impression which the actor knows to be false" or "[f]ails to correct another's impression which the actor previously has created or confirmed", or "[p]revents another from acquiring information material to the disposition of the property involved". RCW 9A.56.010(4)(a), (b), (c). First degree theft involves theft of property valued over $1,500, RCW 9A.56.030(1)(a); second degree theft involves theft of property exceeding $250 in value, RCW 9A.56.040(1)(a).

Since neither the "intent to deprive" nor the $1,500 value elements of theft must be proved to sustain proof of violation of the odometer statute, the general/special rule is inapplicable here. *See In re Taylor,* 105 Wn.2d 67, 70, 711 P.2d 345 (1985); *State v. Waldenburg,* 9 Wn. App. 529, 534–35, 513 P.2d 577 (1973).

EQUAL PROTECTION

A denial of equal protection occurs where a party may be charged under either of two statutes containing differing penalties and the prosecutor has unfettered discretion in the decision. *In re Taylor,* at 68; *State v. Sherman,* 98 Wn.2d 53, 60–61, 653 P.2d 612 (1982); *State v. Rentfrow,* 15 Wn. App. 837, 840–41, 552 P.2d 202 (1976). However, no violation occurs when the crimes require proof of different elements. *In re Taylor,* at 68. As noted above, additional elements must be proved when a person is charged with first and second degree theft; therefore, Mr. Pestrin was not denied equal protection. *See Rentfrow,* at 840–41 (comparing former RCW 9.54.010(2) with the odometer statute).

Mr. Pestrin contends the trial court erred in admitting the purchasers' testimony the automobiles were valueless to them. Mr. Pestrin argues the trial court should not have allowed the purchasers' testimony to the effect they would

not have purchased the cars had they known their true mileage. He also contends a limiting "value received" instruction should have been given even though defense counsel did not request it. Mr. Pestrin cites no authority for either contention, but even if authority had been cited, given the market value instruction that was given and the extensive testimony on wholesale and retail values of high and low mileage vehicles, we find the defense was afforded an adequate opportunity to argue its theory. *See, e.g., State v. Clark,* 13 Wn. App. 782, 788, 537 P.2d 820 (1975). Similarly, we find no merit in Mr. Pestrin's contention the trial court erred in failing to instruct the jury that if they found the amount of the theft unascertainable, the amount must be deemed to be under $250 pursuant to RCW 9A.56-.010(12)(e).

Finally, we consider whether the trial court erred in failing to submit an instruction pursuant to RCW 9A.56.020(2) providing a defense if property is appropriated openly and avowedly under a claim of title made in good faith, though untenable. RCW 9A.56.020(2) provides:

> In any prosecution for theft, it shall be a sufficient defense that the property or service was appropriated openly and avowedly under a claim of title made in good faith, even though the claim be untenable.

■ Where evidence supports the giving of an instruction on the defense of good faith claim of title, failure to give such an instruction is reversible error. *See, e.g., State v. Hicks,* 102 Wn.2d 182, 683 P.2d 186 (1984); *State v. Larsen,* 23 Wn. App. 218, 596 P.2d 1089 (1979); *State v. Williams,* 22 Wn. App. 197, 588 P.2d 1201 (1978). However, where the theft is brought about by patently deceptive means, the defense is unavailable. *State v. Wellington,* 34 Wn. App. 607, 612, 663 P.2d 496 (1983). Here, Mr. Pestrin's actual participation in rolling back the odometers was a patently deceptive act which eliminated the defense regardless of the reduced price at which he argues he offered the cars for sale.

Affirmed.

GREEN, C.J., and MCINTURFF, J., concur.