[No. 28725-7-I.   Division One.   January 11, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR LEROY GILBERT, *Appellant*.

*Barry M. Ward* of *Northwest Defenders Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda K. Jacke, Deputy,* for respondent.

FORREST, J. — Arthur Leroy Gilbert appeals his conviction for first degree burglary contending the evidence does not support the conviction because the assault did not occur within the dwelling burgled.[1] We agree and reverse.

The facts are not in dispute. At about noon on February 7, 1991, Gilbert and accomplice Damon Clarke broke into Toni Ciccanti's house in Seattle. A third accomplice waited in a car in the driveway. Charles Mastro and Mianne Heltberg were walking by and noticed the unfamiliar car in the driveway. Mastro co-owned the house with his estranged wife, Ciccanti, but no longer lived in the house.

Mastro walked up the driveway to investigate, and saw a CD player and several CD's belonging to Ciccanti in the backseat of the car. Mastro took the keys out of the car's ignition as Gilbert emerged from the house with Ciccanti's jewelry box in hand. Mastro was standing between the car and the house when he verbally confronted Gilbert and

---

[1] Gilbert was also convicted of residential burglary in severed count 2 of the information. That charge is based on a separate burglary, and is not part of this appeal.

Clarke. They both responded by beating Mastro with their fists and a rock. Heltberg distracted Gilbert and Clarke long enough for Mastro to break free and throw the car keys into the bushes. Gilbert and Clarke immediately retrieved the keys and drove away.

The police apprehended Gilbert and Clarke the next day, and Mastro and Heltberg positively identified Gilbert in a lineup. Gilbert was charged by information with first degree burglary. At a bench trial on May 9, 1991, Gilbert objected to the sufficiency of the evidence for a finding of guilt, arguing that the assault did not take place either in the house, or against an occupant of the house. Judge Carmen Otero rejected the argument, and found Gilbert guilty as charged beyond a reasonable doubt. On June 14, 1991, Judge Otero ordered Gilbert to serve 41 months, the top of the standard range based on an offender score of 3.

Gilbert timely appealed to this court.

## DISCUSSION

■ **Burglary in the first degree.** (1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.

RCW 9A.52.020. Since the assault concededly took place outside the dwelling, Gilbert urges that he cannot be found guilty of first degree burglary because he did not assault "any person therein". In *State v. Gilbert*, 33 Wn. App. 753, 756, 657 P.2d 350 (1983) (involving a different Gilbert), Division Three of this court reached a contrary conclusion:

We perceive the Legislature's intent in passing the first degree burglary statute as seeking to outlaw burglaries where the perpetrator is either armed with a deadly weapon or assaults someone during the course of the crime. Therefore, we hold the words "assaults any person therein" refer to any person who is assaulted while the perpetrator is entering the dwelling, while he is in the dwelling, or while he is in immediate flight from the dwelling.

Stating the matter succinctly, this holding strikes "therein" from the statute. With all due respect, we do not find this analysis persuasive. The court cites no legislative history in support of its finding of legislative intent but merely decides on the basis of the language of the statute that the Legislature must have meant something other than what it said. The prior burglary statute did include assaults committed during flight as an aggravating circumstance raising second degree burglary to first degree burglary.[2] Changes in statutory wording are presumed to indicate a change in legal rights.[3] A fortiori there is a change in legal rights when the new language is directly contrary to the old language.

The State urges that the statute is internally inconsistent because the language "if, in entering or while in the dwelling or in immediate flight therefrom" encompasses a broader range of conduct than that provided by "assaults any person therein". RCW 9A.52.020(1). While more meticulous draftsmanship would easily have avoided the problem by using separate sentences to describe the two alternative aggravating circumstances: (1) being armed with a deadly weapon or (2) assaulting any person therein, that furnishes no reason to completely ignore the specific limitation on the assault prong.

It is well established that "[s]tatutes should be construed as a whole, *all language used should be given effect*, and related statutes should be considered in relation to each other and whenever possible harmonized." (Italics ours.) *State v. Walter*, 66 Wn. App. 862, 870, 833 P.2d 440 (1992). The language is easily harmonized by recognizing that the first general statement applies in toto to being armed with a deadly weapon, but that some of the language is surplusage as to some assaults committed in connection with the bur-

---

[2]"(4) Who, while engaged in the nighttime in effecting such entrance, or in committing any crime in such building *or in escaping therefrom*, shall assault any persons; . . .". (Italics ours.) Former RCW 9.19.010.

[3]*State v. Roberts*, 117 Wn.2d 576, 817 P.2d 855 (1991); *Rhoad v. McLean Trucking Co.*, 102 Wn.2d 422, 427, 686 P.2d 483 (1984).

glary. It is also well established that if a statute is "*reason-ably* susceptible of more than one meaning" the court "must adopt that reasonable meaning most favorable to the accused." *State v. Sayler*, 36 Wn. App. 230, 235, 673 P.2d 870 (1983). Likewise, it is well established that penal statutes should be construed strictly. *State v. Rinkes*, 49 Wn.2d 664, 306 P.2d 205 (1957), and the cases cited therein.

We agree with the following statement quoted by the State from *Rinkes*, at 667:

> Strict construction of a penal statute means merely that the punitive sanctions must be confined to such matters as are clearly and manifestly within the statutory terms and purposes. It does not mean that a forced, narrow, and over-strict construction should be applied to defeat the obvious intent of the legislature.

However, we do not agree that giving meaning to "therein" is giving a forced, narrow, overstrict construction. Rather it seems the natural construction, whereas striking "therein" is a forced overbroad construction.

More significantly, we find no reason to believe our inter-pretation frustrates the intent of the Legislature. The Legis-lature chose the words "assaults any person therein". It seems perfectly reasonable to us that the Legislature might choose to make an assault within the dwelling, always the central object of protection in a burglary statute, an element elevating the crime to first degree, while at the same time believing that assaults in flight therefrom can adequately be dealt with as independent assaults subject to the penalties prescribed in the assault statutes. Our interpretation will not result in assaults such as Gilbert's going unpunished. Here, Gilbert could have been charged and convicted of residential burglary and second degree assault. In that case, the burglary antimerger statute[4] would have permitted the court to impose punishment for residential burglary and for second degree assault.

■ ■ We conclude that settled canons of statutory con-struction require that meaning be given to the word "therein".

---

[4]RCW 9A.52.050.

Accordingly, an assault outside a burglarized dwelling does not elevate residential burglary to first degree burglary. In order to find a defendant guilty of a crime, the State must prove each element beyond a reasonable doubt. *In re Winship.*[5] The State did not prove every element of first degree burglary here. Gilbert was neither armed with a deadly weapon nor did he "assault any person therein" within the meaning of RCW 9A.52.020. The first degree conviction must be vacated.

## REMAND

This court "may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." RAP 12.2. If we simply reversed Gilbert's conviction, and if the prosecutor thereafter charged Gilbert with residential burglary, he would have a meritorious claim of double jeopardy for being tried a second time on the same facts.[6] If Gilbert had been charged alternatively with the offense of residential burglary, it is well established that we could remand for resentencing because the finding of guilt on first degree burglary on these facts necessarily constituted a finding of every element of residential burglary. *State v. Green.*[7]

We are aware of the Supreme Court's admonishment that "[i]n general, a remand for simple resentencing on a 'lesser included offense' is only permissible when the jury has been explicitly instructed thereon." *State v. Green,* 94 Wn.2d 216, 234, 616 P.2d 628 (1980). However, that statement was dictum,[8] and unsupported by any citation to

---

[5]397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Kroll,* 87 Wn.2d 829, 840, 558 P.2d 173 (1976).

[6]*State v. Anderson,* 96 Wn.2d 739, 638 P.2d 1205, *cert. denied,* 459 U.S. 842 (1982).

[7]94 Wn.2d 216, 616 P.2d 628 (1980).

[8]Green was charged with aggravated first degree murder in furtherance of rape or kidnapping. The Supreme Court found the evidence was insufficient to support a conviction based on kidnapping as the underlying crime, and since

authority.[9] Nor has our research revealed any authority which supports that proposition. Logically, in fact, the dispositive issue should *not* be whether the jury was instructed on the lesser included offense, but rather whether the jury necessarily found each element of the lesser included offense in reaching its verdict on the crime charged.

> We find no logical reason, when each element of the lesser included offense has been found, that the trial court's failure to instruct on the lesser included offense should prevent this court from directing the trial court to enter such a conviction. *See State v. Plakke*, 31 Wn. App. 262, 267, 639 P.2d 796 (1982), *overruled on other grounds in State v. Davis*, 35 Wn. App. 506, 667 P.2d 1117 (1983), *aff'd*, 101 Wn.2d 654, 682 P.2d 883 (1984).

*State v. Brown*, 50 Wn. App. 873, 878-79, 751 P.2d 331 (1988); *accord, State v. Ellard*, 46 Wn. App. 242, 730 P.2d 109 (1986), *review denied*, 108 Wn.2d 1011 (1987) where Division Two vacated convictions on two counts of first degree theft and remanded for sentencing on one count each of second and third degree theft based on insufficiency of the evidence for first degree theft.

Other states have reached the same conclusion. *See, e.g., Ritchie v. State*, 243 Ind. 614, 623-24, 189 N.E.2d 575 (1963) (citing *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900 (1944) (grand larceny reduced to petit larceny because no evidence

---

the jury verdict did not specify whether it found Green had committed rape or kidnapping, it was impossible to tell whether the jury found the evidence established a rape. *State v. Green*, 94 Wn.2d at 232. Accordingly, regardless whether it was charged or not charged, it was impossible to determine if the jury found all the elements of the lesser included offense. The issue presented in this case was thus not before the *Green* court.

[9]The citations follow the next sentence ("*Based upon the giving of such an instruction* it has been held that the jury necessarily had to have disposed of the elements of the lesser included offense to have reached the verdict on the greater offense"), *Green*, at 234, and support the statement that if instructions are given on a lesser included offense, courts have held the jury necessarily found the lesser included elements in order to convict of the greater offense. However, the cases do not support the converse proposition that remand for sentencing on the lesser included offense is not permissible *unless* the jury has been instructed on the lesser included.

on the value of the property taken)); *Wills v. State*, 193 Ark. 182, 98 S.W.2d 72 (1936) (conviction of assault with intent to rape reduced to simple assault); *Daniels v. State*, 196 Miss. 328, 17 So. 2d 793 (1944) (assault and battery with intent to kill reduced to assault and battery). In *Ritchie*, the defendant was convicted of rape, but the Supreme Court determined the evidence did not support the conviction because there was no proof of penetration. The court remanded for sentencing on the lesser included charge of assault and battery with intent to rape.

> The evidence amply proves the lesser included offense, but is insufficient to prove the major crime of rape because of the failure of proof of penetration. All other elements constituting the crime have been proved to the satisfaction of the finder of the facts. It seems to us that public justice is best served by avoiding a second trial over facts already found where a fair trial has taken place. If error had occurred therein which prejudiced the accused so that the trial was unfair, the appellant would, of course, be entitled to a new trial.
>
> The appellant may argue that he is entitled to a new trial, regardless of the showing of any unfairness or prejudicial error. However, the Constitution does not guarantee an accused more than *one fair trial*. This is true whether the accused be convicted or acquitted. If acquitted, he is entitled to plead former jeopardy as to all lesser included offenses covered by the crime charged. If he benefits from double jeopardy attaching to the lesser included offenses in case of acquittal, then it follows that a conviction after a fair trial includes a conviction of lesser included offenses. The principle must logically operate both ways.

*Ritchie v. State*, 243 Ind. 614, 623-24, 189 N.E.2d 575 (1963). At least one federal court has reached the same conclusion.[10]

---

[10]*See Austin v. United States*, 382 F.2d 129, 142 (D.C. Cir. 1967). The court reduced a first degree murder conviction to second degree murder where the evidence failed to show premeditation and deliberation. The court noted:

> although it did not adduce evidence sufficient to present to the jury the issues of premeditation and deliberation the Government adequately shouldered its obligation to demonstrate the other elements of murder, and the jury's verdict makes clear that it was convinced thereof beyond a reasonable doubt. In this context, it is our view that Section 2106 confers on a federal appellate court the power to modify a criminal judgment to reduce the conviction to that of a lesser included offense, where the evidence fails to support one element of the crime

Indeed, the Washington Supreme Court has, in an early case, remanded for imposition of a sentence consonant with proof at trial of an uncharged lesser included offense. *State v. Freidrich*, 4 Wash. 204, 29 P. 1055, 30 P. 328, 31 P. 332 (1892).[11] The court there set aside Freidrich's death penalty and jury verdict of first degree murder because the evidence did not support the verdict. However, finding there was ample evidence to prove that Freidrich was guilty of second degree murder, the court remanded for entry of judgment of that lesser included offense. *Freidrich,* at 224-25. It is significant that the applicable statute then in force is almost identical to our current court rule.[12]

Similarly, in *State v. Lillie*,[13] the court concluded the evidence did not support Lillie's conviction of second degree assault, and remanded the cause for entry of judgment of simple assault and an appropriate sentence.

---

of which appellant was charged and convicted but sufficiently sustains all the elements of the included offense.

This power should be exercised only when it is clear that no undue prejudice will result to the accused. We perceive no such possible prejudice. Appellant has had a fair adjudication of guilt on all elements of the crime of murder in the second degree. . . . [which] is properly classified as a lesser included offense of the crime charged, and [since] the jury could have explicitly returned this verdict, appellant had notice of his potential liability[.]

(Footnote omitted.) *Austin v. United States*, 382 F.2d 129, 142-43 (D.C. Cir. 1967). The language of 28 U.S.C. § 2106 is almost identical to RAP 12.2.

[11]While the United States Supreme Court questioned the authority of the Washington court to modify the jury verdict, the Court let stand the federal district court decision to deny a writ of habeas corpus. *In re Frederich,* 149 U.S. 70, 37 L. Ed. 653, 13 S. Ct. 793 (1893). Moreover, it is questionable whether the basis of the Court's criticism remains viable in the federal system. *See Austin v. United States*, 382 F.2d 129 (D.C. Cir. 1967).

[12]"The Supreme Court may affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings". *In re Frederich,* 149 U.S. 70, 71, 37 L. Ed. 653, 13 S. Ct. 793 (1893) (citing Hill's Code § 1429).

"The appellate court may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." RAP 12.2.

[13]60 Wash. 200, 204, 110 P. 801 (1910).

On the facts of this case, residential burglary[14] is a lesser included offense of first degree burglary. In order to find Gilbert guilty of first degree burglary, the trial court necessarily found all the facts beyond a reasonable doubt making him guilty of residential burglary. We therefore reverse Gilbert's conviction for first degree burglary, and remand for entry of judgment and sentence for residential burglary.

GROSSE and KENNEDY, JJ., concur.

---

[14]"A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). Residential burglary is a class B felony.