[No. 33953-2-I. Division One. April 29, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN LEROY ATTERTON, *Appellant*.

*Randall Keys,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kristin V. Richardson, Deputy,* for respondent.

WEBSTER, J. — Stephen Atterton appeals his conviction for first degree theft, contending that the trial court improperly aggregated eight thefts from different victims into a single count of first degree theft. Atterton reasons that, because aggregation was impermissible under these facts, the evidence was insufficient. We vacate the first degree theft conviction, but remand for entry of judgment and sentence on one count of second degree theft.

## FACTS

Atterton solicited orders and accepted advance payments for plastic cup holders from eight car dealerships, claiming to be a representative of Premiere Concepts, his former employer. He had no authority to represent the manufacturer or any other business associated with the cup holders. The checks from the dealerships totaled $1,850.36, the individual amounts being $219.36, $228.00, $150.00, $279.00, $279.00, $270.00, $239.00, and $186.00.

The State charged Atterton with one count of first degree theft, based on the aggregated amount of the eight checks, and the trial court found him guilty.

## DISCUSSION

Atterton contends that there was not sufficient evidence to convict him of theft in the first degree because the thefts were improperly aggregated. Sufficiency of the evidence is a question of constitutional magnitude which a

defendant may raise for the first time on appeal.[1] *State v. Alvarez*, 128 Wn.2d 1, 9, 904 P.2d 754 (1995). In reviewing the sufficiency of the evidence, we examine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, viewing the evidence in the light most favorable to the State. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980).

First degree theft is theft of property which exceeds $1,500.00 in value. RCW 9A.56.030(a). Aggregation of individual transactions to meet the threshold for a particular degree of theft is allowed by common law and by statute. *State v. Barton*, 28 Wn. App. 690, 694, 626 P.2d 509, *review denied*, 95 Wn.2d 1027 (1981).

▪ The common law allows aggregation of a series of thefts, so long as the thefts are from the same owner and the same place and result from a single criminal impulse pursuant to a general larcenous scheme. *State v. Vining*, 2 Wn. App. 802, 808, 472 P.2d 564, 53 A.L.R.3d 390 (1970). The common law also allows aggregation of thefts from the same victim over a period of time or from several victims at the same time and place, if the takings are part of a common scheme or plan. *State v. Meyer*, 26 Wn. App. 119, 124, 613 P.2d 132 (1980). But, the common law does not allow aggregation of thefts from different victims at different times and places. *Meyer*, 26 Wn. App. at 124; *see also* WAYNE R. LAFAVE, CRIMINAL LAW 87, at 635 (1972); CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 347, at 372 (1995).

As with common law aggregation, statutory aggregation is impermissible unless the thefts to be aggregated are part of a common scheme or plan. RCW 9A.56.010(12)(c). Washington courts have interpreted the common scheme requirement as being consistent with that of the common law; thefts involving different victims in different places

---

[1]Because Atterton may raise the argument on appeal, his counsel's failure to do so at trial did not prejudice him. Therefore, we reject Atterton's ineffective assistance of counsel claim.

cannot be statutorily aggregated. *Meyer*, 26 Wn. App. at 124.[2]

In conclusion, Atterton's eight thefts cannot be aggregated under the statute or the common law because each involved a different victim, place, and time.

The State, however, relies on *State v. Bonefield*, 37 Wn. App. 878, 683 P.2d 1129, *review denied*, 102 Wn.2d 1014 (1984). In that case, the defendant accepted deposits of $20.00 to $320.00 from approximately 79 people for cords of wood which he never delivered. *Id.* at 879. Division III affirmed his conviction for first degree theft, stating "[w]e note the State may aggregate the amounts lost in a series of transactions due to a common scheme or plan, 'in determining the degree of theft involved.' " *Id.* at 881. Without further discussion, the court cited RCW 9A.56.010(12)(c) and *Barton*, 28 Wn. App. 690. The State contends that *Bonefield* holds that multiple thefts against different victims in different places may properly be aggregated. *Bonefield*'s brief analysis is not sufficient to persuade us to abandon our adherence to the common law rule as articulated in *Vining*, 2 Wn. App. 802, and *Meyer*, 26 Wn. App. 119.

Because the eight thefts cannot be aggregated, there was insufficient evidence of first degree theft. In order to reach $1,500.00, however, the trial court necessarily found at least two second degree thefts and three third degree thefts, both of which are lesser degree offenses of first degree theft. When the evidence is insufficient to convict of the crime charged, but sufficient to support conviction of a lesser degree crime, an appellate court may remand for entry of judgment and sentence on the lesser degree. *See State v. Plakke*, 31 Wn. App. 262, 267-68, 639 P.2d 796

---

[2]Furthermore, only transactions which would constitute third degree theft may be aggregated under the statute. RCW 9A.56.010(12)(c); *Barton*, 28 Wn. App. at 694. Third degree theft is theft of property which does not exceed $250.00 in value. RCW 9A.56.050. Here, only five of the checks were for less than $250.00 and they total less than $1,500.00. Thus, even if the statute allowed aggregation of some of Atterton's thefts, the aggregated third degree thefts would be insufficient to support a first degree theft conviction.

(1982), *overruled on other grounds by State v. Davis*, 35 Wn. App. 506, 667 P.2d 1117 (1983), *aff'd*, 101 Wn.2d 654, 682 P.2d 883 (1984). Because the State charged Atterton with only one count, we direct the trial court to enter judgment and sentence for one count of second degree theft. *Cf. Meyer*, 26 Wn. App. at 125.

We vacate the judgment and sentence for first degree theft and remand for entry of judgment and sentence on one count of second degree theft.

BAKER, C.J., and GROSSE, J., concur.