72 P.3d 1139 (2003)
STATE of Washington, Respondent,
v.
Jacob GAMBLE, Appellant,
Somchit Phommahasay, Ryan Joseph May, Defendants.
No. 25793-9-II.
Court of Appeals of Washington, Division 2.
July 23, 2003.
*1140 James J. Sowder, Attorney at Law, Vancouver, WA, for Appellant.
Richard Alan Melnick, Attorney at Law, Philip A. Meyers, Attorney at Law, Vancouver, WA, for Respondent.
QUINN-BRINTNALL, A.C.J.
On February 12, 2000, a jury convicted Jacob Gamble of second degree felony murder by assault in the beating death of Daniel Carroll. In In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002), our Supreme Court mandated the vacation of second degree felony murder convictions in which the predicate felony was an assault. Gamble appeals.
Here, we answer the question: What is the appropriate remedy following vacation of Gamble's second degree felony murder by assault conviction? We hold that when the conviction of second degree felony murder is based on the death occurring as a result of an intentional assault that recklessly caused serious bodily harm in violation of RCW 9A.36.021(1)(a), the appropriate remedy is to remand the matter for entry of judgment and sentence on the necessarily included offense of first degree manslaughter. See RCW 9A.32.060(1)(a).

FACTS
Gamble and others beat Carroll to death at a party in Vancouver, Washington, on March 26, 1999. A jury convicted Gamble of first degree felony murder committed in the course of a robbery[1] and the alternative of second degree felony murder committed in the course of a second degree assault.[2] In an unpublished opinion, we reversed Gamble's first degree felony murder conviction because there was insufficient evidence to prove that Gamble knowingly aided in the theft of Carroll's cell phone. We also requested supplemental briefing from the parties on the impact of Andress on this case.[3]
In supplemental briefing, the State suggested that Andress should not be applied retroactively to this case while Gamble argued that double jeopardy and mandatory joinder principles entitled him to dismissal of the charges. We address two issues: (1) Does Andress apply to cases pending on direct appeal at the time the opinion issued? (2) Is first degree manslaughter (RCW 9A.32.060(1)(a)) a necessarily included offense of second degree felony murder when the predicate felony is second degree assault in violation of RCW 9A.36.021(1)(a); and if so is remand for resentencing the appropriate remedy?

ANALYSIS
RETROACTIVITY
A new rule announced by the state or federal Supreme Court applies to all cases pending direct review at the time the rule is announced. In re Personal Restraint of St. Pierre, 118 Wash.2d 321, 325-26, 823 P.2d 492 (1992); Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). Thus, Andress controls and mandates that we vacate Gamble's second degree felony murder conviction.
*1141 REMEDY
An appellate court "may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." RAP 12.2; State v. Gilbert, 68 Wash.App. 379, 384, 842 P.2d 1029 (1993). In dictum, our Supreme Court indicated that the remedy of remand for resentencing on a "lesser included offense" generally is permissible only when the jury has been explicitly instructed on it. See e.g. State v. Green, 94 Wash.2d 216, 234, 616 P.2d 628 (1980). But most cases expressly analyzing the remand-for-resentencing remedy clearly demonstrate that the proper inquiry is not whether the jury was instructed on the lesser included offense but, rather, whether the jury necessarily found each element of the lesser included offense beyond a reasonable doubt in reaching its verdict on the crime charged. See Gilbert, 68 Wash.App. at 385-86, 842 P.2d 1029.[4]
Here, the evidence established that Gamble (six-foot-three and 190 pounds) was part of a group of young men who planned a fight at a party in Vancouver, Washington. Carroll and others were lured to a party by pretext. Unprovoked, Gamble punched Carroll, an unarmed five-foot-nine young man weighing 127 pounds, as Carroll sought to aid his friend who had been hit in the head with a beer bottle by one of Gamble's cohorts.[5]
Gamble's punch sent Carroll onto his back where his head hit the concrete sidewalk. Carroll did not move again, but Gamble and *1142 others kicked him as he lay on the ground. Carroll died as a result.
Gamble was charged with second degree felony murder based on the underlying felony of second degree assault. RCW 9A 32.050(1)(b); RCW 9A.36.021(1)(a) (as it first appeared in 1988). The jury was instructed on the elements of this offense as follows:
To convict the defendant Jacob Gamble of the crime of Murder in the Second Degree as charged in Count II, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about the 26th day of March, 1999, the defendant [Gamble] was committing Assault in the Second Degree;
(2) That in the course of and in furtherance of such crime or in immediate flight from such crime, the defendant Jacob Gamble, or an accomplice, caused the death of Daniel Carroll;

(3) That Daniel Carroll was not a participant in the crime; and
(4) That the acts occurred in the State of Washington.
If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.
Clerk's Papers (CP) at 123 (Instruction No. 16) (emphasis added).
Second degree assault was also defined for the jury:
A person commits the crime of Assault in the Second Degree when he intentionally assaults another and thereby recklessly inflicts substantial bodily harm.

CP at 124 (Instruction No. 17).[6]
In convicting Gamble of second degree felony murder as charged, the jury necessarily found that (1) Gamble intentionally assaulted Carroll and thereby (2) recklessly inflicted substantial bodily harm that (3) caused Carroll's death. If proof of these elements necessarily establishes guilt of another lesser included offense, Gamble's case may properly be remanded for resentencing on that lesser included crime. See Gilbert, 68 Wash.App. at 384-88, 842 P.2d 1029. We apply the lesser included offense analysis to the offenses as charged and prosecuted, rather than as they broadly appear in statute. State v. Berlin, 133 Wash.2d 541, 548, 947 P.2d 700 (1997).
Berlin states the test to determine when a lesser offense is necessarily proved by proof of the greater offense:
To establish that an offense is a lesser included offense, the rule is: first, each of the elements of the lesser offense must be a necessary element of the offense charged; second, the evidence in the case must support an inference that the lesser crime was committed.
Berlin, 133 Wash.2d at 548, 947 P.2d 700 (citing State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978)).
Applying Berlin to the charges and evidence here reveals that first degree manslaughter is a lesser included offense of second degree felony murder as charged in violation of second degree assault. RCW 9A.36.021(1)(a); RCW 9A.32.050(1)(b).
A person is guilty of manslaughter in the first degree when "[h]e recklessly causes the death of another person." RCW 9A.32.060(1)(a).
*1143 Although a person may commit the crime of first degree manslaughter without intentionally assaulting his victim, he may not do so without recklessly inflicting substantial bodily harm (element 2) causing victim's death (element 3). Thus, the jury necessarily found that Gamble committed all elements of first degree manslaughter beyond a reasonable doubt when it found that he committed second degree felony murder by second degree assault in violation of RCW 9A.32.050(1)(b) and RCW 9A.36.021(1)(a) as charged.[7]
We are aware of the Supreme Court's opinion in State v. Tamalini, 134 Wash.2d 725, 953 P.2d 450 (1998), suggesting a contrary result. See also In re Personal Restraint of Andress, 147 Wash.2d 602, 613, 56 P.3d 981 (2002).[8] But Tamalini neither applied nor overruled Berlin. Moreover, Tamalini relied on State v. Davis, 121 Wash.2d 1, 6, 846 P.2d 527 (1993) (134 Wash.2d at 729, 953 P.2d 450), which, like State v. Curran, 116 Wash.2d 174, 804 P.2d 558 (1991), and State v. Lucky, 128 Wash.2d 727, 912 P.2d 483 (1996), was overruled in Berlin in favor of a return to the Workman standard. Berlin, 133 Wash.2d at 548-49, 947 P.2d 700.
Analyzing the actual charges and evidence in this case as Berlin requires, we hold that the jury necessarily found all elements of the crime of first degree manslaughter proved beyond a reasonable doubt. Accordingly, we reverse Gamble's second degree felony murder conviction as Andress requires and we remand to the trial court with directions that it enter a verdict of guilty on the lesser included offense of first degree manslaughter in violation of RCW 9A.32.060(1)(a) and sentence Gamble accordingly.
We concur: MORGAN and BRIDGEWATER, JJ.
NOTES
[1] RCW 9A.32.030(1)(c); former RCW 9A.56.200 (1975); RCW 9A.56.210.
[2] RCW 9A.32.050(1)(b); RCW 9A.36.021(1)(a).
[3] State v. Gamble, No. 25793-9-II, 116 Wash. App. 1016, 2003 WL 1298906 (Wash.Ct.App. Mar. 18, 2003) (unpublished).
[4] The court in Gilbert expressed its awareness of our Supreme Court's decision in Green that a lesser included sentence is permissible only when the jury was "explicitly instructed" of the elements. 68 Wash.App. at 384, 842 P.2d 1029. But because this was dictum, the dispositive issue was that the jury necessarily found the elements and not that they were instructed. Gilbert, 68 Wash.App. at 385, 842 P.2d 1029 (citing State v. Plakke, 31 Wash.App. 262, 267, 639 P.2d 796 (1982) ("[s]econd degree robbery is a lesser included offense of first degree robbery because all the elements of the former are necessarily contained in the latter"), overruled on other grounds in State v. Davis, 35 Wash.App. 506, 667 P.2d 1117 (1983), aff'd, 101 Wash.2d 654, 682 P.2d 883 (1984)); State v. Brown, 50 Wash.App. 873, 878, 751 P.2d 331 (1988) (finding "no logical reason, when each element of the lesser included offense has been found, that the trial courts failure to instruct on the lesser included offense should prevent this court from directing the trial court to enter such a conviction"); State v. Ellard, 46 Wash.App. 242, 243, 730 P.2d 109 (1986) (two counts of first degree theft reduced to one count each of second and third degree theft because of insufficient evidence), review denied, 108 Wash.2d 1011 (1987); Wills v. State, 193 Ark. 182, 98 S.W.2d 72, 73-74 (1936) (conviction of assault with intent to rape reduced to simple assault because of insufficient evidence of intent to rape); Ritchie v. State, 243 Ind. 614, 623-24, 189 N.E.2d 575 (1963) (holding that conviction and acquittal of offense includes conviction and acquittal of offense includes conviction and acquittall all lesser included offenses); Daniels v. State, 196 Miss. 328, 17 So.2d 793, 794 (1944) (assault and battery with intent to kill reduced to assault and battery because of insufficient evidence of intent to kill); Corlew v. State, 181 Tenn. 220, 223-24, 180 S.W.2d 900 (1944) (grand larceny conviction reduced to petit larceny conviction because of insufficient evidence of stolen items value). See also State v. Robbins, 68 Wash.App. 873, 877, 846 P.2d 585 (1993) ("An appellate court that reverses a conviction of possession with intent to deliver on grounds of insufficiency of the evidence may remand the case for entry of amended judgment on the lesser included offense of possession."). In each of the jurisdictions cited by Gilbert, rule remains that a defendant may be sentenced on a lesser included offense if the jury found all of the elements necessary when convicting the defendant of the greater offense. See, e.g., McCoy v. State, 347 Ark. 913, 919, 69 S.W.3d 430, rehg denied, 348 Ark. 239, 74 S.W.3d 599 (2002) (quoting Ark. Stat. Ann. 5-1-110) (one offense [is] included in another offense ... if ... [i]t is established by proof of the same or less than all the elements required to establish the commission of the offense charged); Hauk v. State, 729 N.E.2d 994, 998 (Ind.2000) (citing Wright v. State, 658 N.E.2d 563, 566-67 (Ind.1995)) (lesser included offense inherently included in the crime charged if the parties could establish commission of the claimed lesser-included offense by proof of the same material elements or less than all of the material elements of the charged crime); Smith v. State, 818 So.2d 383, 386 (Miss.Ct.App.2002) ([t]wo independent crimes merge into one when the greater crime necessarily includes all the elements of the lesser crime as a lesser included offense) (citing Newburn v. State, 205 So.2d 260, 264 (Miss.1967)); State v. Burns, 6 S.W.3d 453, 466 (Tenn.1999) ([a]n offense is a lesser included offense if ... all of its statutory elements are included within the statutory elements of the offense charged).
[5] Because Gamble was an aggressor and was not and did not testify to being afraid of Carroll, we previously held that he presented no viable self-defense claim. Gamble, No. 25793-9-II, at 4, 7-9.
[6] RCW 9A.36.021(1)(a) currently defines second degree assault when a defendant "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm," which is identical to the definition in the given instruction. In 1976, a defendant was guilty of second degree assault when he or she "[s]hall knowingly inflict grievous bodily harm upon another with or without a weapon." Former RCW 9A.36.020(1)(b) (1975) (repealed by Laws of 1986, ch. 257, § 9). In 1987, this definition was changed and a defendant was guilty of second degree assault when he "[i]ntentionally assaults another and thereby inflicts substantial bodily harm." Former RCW 9A.36.021(1)(a) (1987). In 1988, the word "recklessly" was added and the current definition of second degree assault was adopted.
[7] RCW 10.61.006 states:

In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information.
Andress focused on predicate assaults in which "no mental element comparable to intent is required." Andress at 614, 56 P.3d 981. Our opinion is limited to cases in which the predicate felony is second degree assault as charged under RCW 9A.36.021(1)(a) (intentionally assaults and recklessly causes substantial bodily harm).
[8] Andress cites both Tamalini and Berlin. We acknowledge the authority of these precedents but on the charges before us we are unable to reconcile the Berlin test with the result in Tamalini. Because there are two distinct lines of authority affecting our decision here, we have decided to follow Berlin which is rooted in the seminal case of Workman.