248 P.3d 550 (2011)
159 Wash.App. 601
In the Matter of the Personal Restraint Petition of Mansour HEIDARI, Petitioner.
No. 63040-7-I.
Court of Appeals of Washington, Division 1.
January 24, 2011.
*551 David Bruce Koch, Nielsen Broman & Koch, Seattle, WA, for Appellant.
Ann Marie Summers, King County Prosecutor's Office, Seattle, WA, for Respondent.
APPELWICK, J.
¶ 1 Heidari was convicted of one count of rape of a child in the first degree, one count of child molestation in the second degree, and one count of child molestation in the third degree. In response to Heidari's personal restraint petition, the State concedes that the evidence was insufficient as a matter of law to support his conviction on child molestation in the second degree. But, the State requests that this court remand for entry of judgment on the lesser included offense of attempted child molestation. The State also concedes a sentencing error on count I and requests resentencing. We hold that a remand for resentencing on the lesser included crime of attempt is precluded where the jury was not instructed on that crime. We grant the petition, reverse the conviction for second degree child molestation, accept the State's concession of error on count I, and remand for resentencing.

FACTS
¶ 2 The facts of this case were set forth in this court's previous opinion resulting from Mansour Heidari's direct appeal. State v. Heidari, noted at 125 Wash.App. 1009, 2005 WL 91696, at *1-2. For the purposes of this personal restraint petition (PRP), only the facts relating to count IV are relevant.
¶ 3 B.Z. testified that when she was in sixth grade, she was in her uncle Heidari's bedroom playing with her aunt's makeup when Heidari emerged from the bathroom wearing a robe. Heidari sat down at the edge of the bed and told B.Z. to come over, pulling her leg toward him. Heidari then pulled his robe away and exposed his penis to her. Heidari put his hand on B.Z.'s head and tried to push her down toward his penis. B.Z. moved her head to the side and eventually ran out of the room. B.Z. testified that her mouth did not touch his penis. No other evidence of sexual contact was put forth by the State.
¶ 4 Among other charges, the State charged Heidari with child molestation in the first degree as count IV. Only the lesser included offense of child molestation in the second degree was submitted to the jury as count IV.[1] The jury found Heidari guilty. Heidari was also convicted of one count of rape of a child in the first degree and one count of child molestation in the third degree. This court affirmed the convictions. Heidari, 2005 WL 91696, at *1. The Supreme Court denied review. State v. Heidari, 155 Wash.2d 1008, 122 P.3d 912 (2005). The case was mandated on December 9, 2005. Certiorari and habeas corpus were also denied. Heidari v. Washington, 547 U.S. 1075, 126 S.Ct. 1779, 164 L.Ed.2d 525 (2006); Heidari v. Pacholke, 2008 WL 2435891 (W.D.Wash. June 13, 2008) (unpublished opinion). Finally, Heidari's previous PRP was denied.
¶ 5 Heidari then filed a motion for relief from judgment under CrR 7.8. After receiving Heidari's motion, the superior court transferred it to this court pursuant to CrR 7.8(c)(2) for treatment as a PRP.

DISCUSSION

I. Standard of Review

¶ 6 An appellate court will grant substantive review of a PRP only when the *552 petitioner makes a threshold showing of constitutional error from which he has suffered actual prejudice or nonconstitutional error which constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice. In re Pers. Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990).

II. Grant of Petition

¶ 7 The State concedes that Heidari properly brought this PRP even though it was filed more than one year after entry of the judgment and sentence in violation of RCW 10.73.090, as the PRP is based on grounds that the evidence introduced at trial was insufficient to support the conviction. RCW 10.73.100(4). Heidari's petition is not time barred.
¶ 8 The State concedes that the second degree child molestation charge in count IV is not supported by sufficient evidence because no evidence proves that sexual contact occurred. The State also concedes that the judgment and sentence reflected an incorrect seriousness level for count I. The parties agree that the correct seriousness level was XI.
¶ 9 We agree and grant the petition.

III. Remedy

¶ 10 The agreed remedy for the mistaken seriousness level for count I is resentencing. We remand for resentencing as to count I with the corrected seriousness level of XI.
¶ 11 The parties dispute the remedy with respect to count IV. The State argues that because the evidence established the crime of attempted child molestation in the second degree, this court should remand for entry of judgment as to that crime. Generally, an appellate court "may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." RAP 12.2; State v. Gilbert, 68 Wash.App. 379, 384, 842 P.2d 1029 (1993). Heidari contends that, based on due process and double jeopardy protections, this court must reverse his conviction and dismiss rather than impose a conviction for attempted child molestation. We review alleged due process and double jeopardy violations de novo. State v. Cantu, 156 Wash.2d 819, 831, 132 P.3d 725 (2006); State v. Jackman, 156 Wash.2d 736, 746, 132 P.3d 136 (2006). However, we need not reach Heidari's argument that the remand for resentencing on the lesser included remedy would also violate protections against double jeopardy. Heidari prevails on this issue, because the outcome is controlled by State v. Green, 94 Wash.2d 216, 234, 616 P.2d 628 (1980).
¶ 12 RCW 9A.44.086 defines child molestation in the second degree as, "[W]hen the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." A person is guilty of attempt if "with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020. Attempted child molestation in the second degree is a lesser offense included in the crime of child molestation in the second degree, because all elements of the lesser offense are necessary elements of the greater crime. See State v. Berlin, 133 Wash.2d 541, 548, 947 P.2d 700 (1997) ("To establish that an offense is a lesser included offense, the rule is: first, each of the elements of the lesser offense must be a necessary element of the offense charged; second, the evidence in the case must support an inference that the lesser crime was committed." (Emphasis omitted.)); State v. Mannering, 150 Wash.2d 277, 284, 75 P.3d 961 (2003) ("[A]n attempt to commit a crime is included in the crime itself."). Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense. RCW 10.61.003.
¶ 13 Our Supreme Court has indicated that the remedy of remand for resentencing on a lesser included offense generally is permissible only when the jury has been explicitly *553 instructed on it. Green, 94 Wash.2d at 234, 616 P.2d 628. In that case, Green was convicted of aggravated murder for killing his eight year old victim in the course of either kidnapping or raping her. State v. Green, 91 Wash.2d 431, 433-35, 588 P.2d 1370 (1979), superseded in part on recons. by Green, 94 Wash.2d at 216, 616 P.2d 628. On reconsideration, our Supreme Court reversed the aggravated murder conviction due to insufficiency of the evidence of kidnapping and verdict form errors and remanded for a new trial on the charge of aggravated murder in the first degree based on first degree rape or attempted rape. Green, 94 Wash.2d at 233, 616 P.2d 628. The State sought the imposition of the lesser included offense of first degree murder. Id. at 234, 616 P.2d 628. The court refused, stating:
In the case at hand the jury was not instructed on the subject of a "lesser included offense". In general, a remand for simple resentencing on a "lesser included offense" is only permissible when the jury has been explicitly instructed thereon. Based upon the giving of such an instruction it has been held that the jury necessarily had to have disposed of the elements of the lesser included offense to have reached the verdict on the greater offense.
Id. (alteration in original). The court additionally clarified that, "[i]n addition, it is clear a case may be remanded for resentencing on a `lesser included offense' only if the record discloses that the trier of fact expressly found each of the elements of the lesser offense." Id. at 234-35, 616 P.2d 628.
¶ 14 Subsequent Court of Appeals cases have characterized this statement in Green as dictum. For example, in Gilbert, the trial court convicted Gilbert of first degree burglary after a bench trial. 68 Wash.App. at 381, 842 P.2d 1029. This court reversed Gilbert's first degree burglary conviction for insufficient evidence and remanded for entry of judgment and sentence for residential burglary. Id. at 388, 842 P.2d 1029. In doing so, we discussed the language in Green, calling it "dictum" and "unsupported by any citation to authority." Id. at 384-85, 842 P.2d 1029. We stated that our research had not "revealed any authority which supports that proposition." Id. at 385, 842 P.2d 1029. Instead, we concluded, "[T]he dispositive issue should not be whether the jury was instructed on the lesser included offense, but rather whether the jury necessarily found each element of the lesser included offense in reaching its verdict on the crime charged." Id. Relying on Gilbert, we subsequently affirmed that reasoning in a case tried to a jury. State v. Gamble, 118 Wash.App. 332, 336, 72 P.3d 1139 (2003) (one count of second degree felony murder, vacated due to In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002), reduced to one count of first degree manslaughter), rev'd in part on other grounds, 154 Wash.2d 457, 469-70, 114 P.3d 646 (2005) (holding manslaughter was not a lesser included offense of second degree felony murder where assault was the predicate felony).
¶ 15 The question in this case is whether the articulation of the rule announced by the Supreme Court in Green or the interpretation by the Court of Appeals in the Gilbert/Gamble line of cases controls.
¶ 16 It is not in dispute that if a jury is properly instructed on a lesser included offense, an appellate court may remand to the trial court for imposition of judgment on a lesser included crime where the jury necessarily found the elements of the lesser offense. Several Washington cases have done so. See, e.g., State v. Watson, 2 Wash. 504, 507, 27 P. 226 (1891) (assault with intent to commit murder reduced to simple assault); State v. Scherz, 107 Wash.App. 427, 437, 27 P.3d 252 (2001) (first degree robbery reduced to second degree robbery where the jury was instructed on both crimes); State v. Jones, 22 Wash.App. 447, 454, 591 P.2d 796 (1979) (possessing stolen property in the second degree reduced to possessing stolen property in the third degree where the jury was instructed on both crimes); State v. Liles, 11 Wash.App. 166, 173, 521 P.2d 973 (1974) (unlawful possession with intent to distribute reduced to possession where jury was instructed on both crimes). The U.S. Supreme Court has also approved this procedure, upholding the reduction of an aggravated murder conviction to a murder conviction where the jury was instructed on the lesser included offense. *554 Morris v. Mathews, 475 U.S. 237, 242, 246-47, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). Our appellate court also approved a trial court's entry of judgment on the lesser included offense of possession after finding the evidence insufficient to support the greater charge of possession with the intent to deliver where the jury was instructed on the lesser included offense. State v. Robbins, 68 Wash.App. 873, 875, 877, 846 P.2d 585 (1993).
¶ 17 Despite this court's contrary holdings in Gilbert and Gamble, we are persuaded that the statement by the Supreme Court in Green is correct and controlling: remand for resentencing on a lesser included offense is only permissible where the jury is explicitly instructed on the lesser included offense. For the jury to make a finding on a lesser included offense, the jury must have received an instruction as to that offense. State v. Harris, 121 Wash.2d 317, 320, 849 P.2d 1216 (1993) ("To find an accused guilty of a lesser included offense, the jury must, of course, be instructed on its elements."). Even though, in this case, the jury found the facts sufficient to support the crime of attempted child molestation, the jury could not have convicted Heidari of that crime where it never received an instruction on that crime. Similarly, the trial court could not have vacated the conviction and entered judgment on the lesser included offense of attempted child molestation in the second degree. See State v. Symes, 17 Wash. 596, 599, 50 P. 487 (1897) (holding that the trial court does not have the authority under 2 Hill's Code Procedure § 1319, now RCW 10.61.003, to enter a verdict on a lesser degree where the jury's verdict was unsupported by the evidence). Following Gilbert and Gamble would require that we order the trial court on remand to do what neither the jury nor the trial court had authority to do at trial. The appellate court simply lacks such authority, a fact neither Gilbert nor Gamble overcome in criticizing Green.[2]
¶ 18 We do not quarrel with the result in Gilbert. In that case, the defendant's case was tried to the bench. Gilbert, 68 Wash.App. at 381, 842 P.2d 1029. In a bench trial, no jury instructions are required. See State v. Allen, 89 Wash.2d 651, 654, 574 P.2d 1182 (1978) ("The purpose of an instruction is to furnish guidance to the jury in its deliberations, and to aid it in arriving at a proper verdict, so far as it is competent for the court to assist them."). The trial court judge, as the trier of fact, is not constrained by the instructions and may consider the charged offense as well as any lesser included offense. See State v. Peterson, 133 Wash.2d 885, 892-93, 948 P.2d 381 (1997) (In a bench trial, the judge "may properly find defendant guilty of any inferior degree crime of the crimes included within the original information."). This is because RCW 10.61.003[3] and RCW 10.61.006[4] notify a defendant charged with a crime that he may also be tried on a lesser degree or a lesser included offense. RCW 10.61.010;[5]State v. Foster, 91 Wash.2d 466, 472, 589 P.2d 789 (1979); Peterson, 133 Wash.2d at 889, 892-93, 948 P.2d 381 (RCW 10.61.003 and 10.61.006 provide the required notice and *555 apply to a trial court sitting as a finder of fact as well as to a jury.).
¶ 19 Indeed, Washington cases have approved of entry of judgment on remand after a bench trial. See State v. Miles, 77 Wash.2d 593, 604, 464 P.2d 723 (1970) (on review of bench trial, assault in the second degree reduced to assault in the third degree); State v. Garcia, 146 Wash.App. 821, 829-30, 193 P.3d 181 (2008) (on review of bench trial, one count of third degree assault reduced to one count of fourth degree assault), review denied 166 Wash.2d 1009, 208 P.3d 1125 (2009); State v. Atterton, 81 Wash.App. 470, 471, 915 P.2d 535 (1996) (on review of bench trial, one count of first degree theft reduced to one count of second degree theft because of insufficient evidence); State v. Cobelli, 56 Wash.App. 921, 925-26, 788 P.2d 1081 (1989) (on review of bench trial, possession with intent to deliver reduced to possession because of insufficient evidence).
¶ 20 Because the Gilbert court was reviewing a bench trial, it had no reason to address or determine whether a jury could have entered a verdict on a lesser included offense absent an instruction. All the court had to decide in that case was whether the trial court necessarily found all the elements of a lesser included crime of the charged crime and therefore could have entered judgment for the lesser included offense. We agree that the trial court could have done so. Green did not require a different result. Therefore, the remand for entry of judgment on the lesser included offense against Gilbert was not at odds with Green. It was dicta for the Gilbert court to opine as to whether Green would have been the appropriate rule had Gilbert been tried to a jury rather than the bench.
¶ 21 Additionally, the Gilbert opinion relies on "logic" and on a number of cases with little or no explanation. 68 Wash.App. at 385-86, 842 P.2d 1029. But, the Washington cases cited by Gilbert do not support its conclusion with regard to jury trials. In the earliest case cited by Gilbert, State v. Freidrich, 4 Wash. 204, 224-25, 29 P. 1055 (1892), our Supreme Court set aside the jury's conviction of murder in the first degree and remanded with instructions to enter judgment on murder in the second degree. Gilbert, 68 Wash.App. at 387, 842 P.2d 1029. In doing so, the court did not explicitly indicate whether the jury was instructed on the lesser degree offense. Freidrich, 4 Wash. at 224-25, 29 P. 1055. However, the court stated, "The distinction made between murder of the first and second degrees is a fine one, and it is not to be wondered at that juries sometimes fail to appreciate it; but the law makes it, and the law is master of us all." Id. at 224, 29 P. 1055. The implication is that the jury was confronted with a choice between the two crimes, which indicates that the jury was instructed on both. If true, it is consistent with Green. No rationale was stated for its decision to remand the case with instructions. Freidrich, 4 Wash. at 224-25, 29 P. 1055.[6]
¶ 22 Gilbert also relies on State v. Lillie, 60 Wash. 200, 110 P. 801 (1910). Gilbert, 68 Wash.App. at 387, 842 P.2d 1029. In Lillie, the defendant was convicted by a jury of assault with a deadly weapon with intent to inflict bodily injury. 60 Wash. at 200, 110 P. 801. Our Supreme Court determined that the evidence was insufficient to find that the defendant hit the victim with a hammer, but there was no doubt he hit the victim with his fist. Id. at 203, 110 P. 801. The court remanded for entry of judgment and sentence for assault. Id. at 204, 110 P. 801. But, Lillie predated Green.
¶ 23 Gilbert also relied on State v. Plakke, 31 Wash.App. 262, 267, 639 P.2d 796 (1982), overruled on other grounds by State v. Davis, 35 Wash.App. 506, 510, 667 P.2d 1117 (1983). 68 Wash.App. at 385, 842 P.2d 1029. In Plakke, the defendant was convicted by a jury as an accomplice to the crime of first degree robbery. 31 Wash.App. at 263, 639 *556 P.2d 796. The court held that accomplice liability to first degree robbery required proof beyond a reasonable doubt that the alleged accomplice was aware of the principal's possession of a deadly weapon during the commission of the crime and remanded for entry of a conviction of second degree robbery. Id. The court stated, "Though we would ordinarily accede to the defendant's request for a new trial, under the unique fact pattern presented," namely that by returning a verdict of first degree robbery the jury found that the defendant performed those acts which would support a determination of guilt on second degree robbery, "we believe the more appropriate remedy requires resentence for the crime of second degree robbery." Id. at 267, 639 P.2d 796. But, the court provided no analysis and no citation to authority, apparently ignoring Green, which was decided two years earlier. Id.
¶ 24 Similarly, in State v. Ellard, the court reversed the jury verdict and remanded for sentencing on the lesser included offense without explanation. 46 Wash.App. 242, 247, 730 P.2d 109 (1986). The court simply stated, "Therefore, the conviction on count 3 must be reduced to third degree theft." Id. This case also did not discuss Green.
¶ 25 Gilbert cited to State v. Brown, 50 Wash.App. 873, 875, 878-879, 751 P.2d 331 (1988), a case that reversed the jury verdict of first degree criminal trespass and directed the trial court to enter a conviction for second degree criminal trespass instead. Gilbert, 68 Wash.App. at 385, 842 P.2d 1029. Brown disagreed with Green, stating, "We find no logical reason, when each element of the lesser included offense has been found, that the trial court's failure to instruct on the lesser included offense should prevent this court from directing the trial court to enter such a conviction." 50 Wash.App. at 878, 751 P.2d 331. To support this proposition, Brown simply relied on Plakke. Brown, 50 Wash.App. at 878, 751 P.2d 331. As we have stated, Plakke did not analyze Green or the issue.
¶ 26 Gilbert also relied on out of state authority. But, Ritchie v. State was tried to the bench. 243 Ind. 614, 616, 189 N.E.2d 575 (1963). In Austin v. United States, the jury was instructed on the lesser included offense. 382 F.2d 129, 137 n. 18, 142 (D.C.Cir.1967), overruled on other grounds by United States v. Foster, 783 F.2d 1082, 1085 (D.C.Cir.1986) (en banc). The remaining cases on which Gilbert relies, Wills and Daniels, provide no analysis of the issue. Wills v. State, 193 Ark. 182, 98 S.W.2d 72, 74 (1936); Daniels v. State, 196 Miss. 328, 17 So.2d 793, 794 (1944).
¶ 27 The pronouncement in Green relating to instructions is clear and limited to cases tried to the jury. 94 Wash.2d at 234, 616 P.2d 628. Only the second requirement articulated by Green, the requirement that the record discloses that the trier of fact expressly found each of the elements of the lesser offense, applies more broadly to both trials to the bench and to the jury. Id. at 234-35, 616 P.2d 628. And, it is necessary to distinguish between the trial to a jury, which is constrained to render a verdict consistent with the instructions given, from the trial to the bench, which may convict on any crime charged or any lesser included without the limitation of instructions. The "logic" on which Gilbert relies overlooked this distinction.
¶ 28 Gamble, as distinct from Gilbert, was tried to a jury. 118 Wash.App. at 334, 72 P.3d 1139. Yet, the persuasiveness of the reasoning of that case is limited as it relies entirely on Gilbert. Id. at 336, 72 P.3d 1139. As previously explained, Gilbert did not, and could not, thoroughly determine whether the rule in Green would be correctly applied in the context of a bench trial. We find Gamble's reliance on Gilbert misplaced.
¶ 29 We recognize that in numerous other cases our courts have remanded for resentencing on a lesser included crime without the jury having been instructed on the lesser included crime.[7] These cases likewise do not *557 compel us to reject Green. State v. Bucknell is especially worthy of review. 144 Wash. App. 524, 183 P.3d 1078 (2008). Bucknell received a jury trial. Id. at 526, 183 P.3d 1078. The Court of Appeals held that the evidence was insufficient to convict Bucknell of second degree rape but remanded for entry of judgment on the lesser charge of third degree rape. Id. at 530-31, 183 P.3d 1078. The court relied on Atterton for the proposition that when evidence is sufficient to support conviction of a lesser crime, this court may remand the case for entry of judgment and sentence on the lesser crime. Bucknell, 144 Wash.App. at 530, 183 P.3d 1078. Atterton involved a bench trial. 81 Wash.App. at 471, 915 P.2d 535. But, the court did not analyze or provide reasoning for whether the rule in Atterton should be applied to review of a jury trial. Id. Thus, Bucknell is also not persuasive here. Also, State v. Maganai cites no authority and provides no rationale for the decision to remand for entry of judgment on the lesser offense. 83 Wash.App. 735, 740, 923 P.2d 718 (1996). But, the holding is unremarkable since it followed on the heels of Gilbert. No Washington case presents a reasoned analysis in support of the proposition that, in a case tried to a jury, the decision in Green should not be followed.
¶ 30 Since a jury cannot render a verdict on a crime for which it was not instructed, Green controls where the case is tried to a jury that has not been instructed on the lesser included offense. The Gilbert rule applies only to bench trials.[8] Here, we follow Green and hold that an appellate court may not remand for resentencing on a lesser included charge in a jury trial case unless the jury was instructed on that charge.
¶ 31 The State makes several policy arguments as to why such an outcome would be inequitable. The State argues that defendants receiving jury trials would receive different treatment than those receiving bench trials or trials in juvenile court. Also, a defendant who properly requested a lesser included instruction and who successfully overturns a conviction on the completed crime would be subject to a remand for resentencing, but the less diligent defendant would not. But, these differences inhere in the structure of trial choices the defendant can make. The defendant can ask for a jury or not. City of Bellevue v. Acrey, 103 Wash.2d 203, 207, 691 P.2d 957 (1984). And, because a lesser included instruction may be requested by either the prosecution or the defense, no unfairness exists. See Berlin, 133 Wash.2d at 548, 947 P.2d 700. A defendant can request an instruction on a lesser included offense or gamble that he will be acquitted on the greater charge. See, e.g., State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978). A prosecutor can choose an all or nothing approach or provide the jury with alternatives. Such tactical choices are not inherently unfair and we need not "rescue[ ] the State from a failed strategy." See Garcia, 146 Wash.App. at 834, 193 P.3d 181 (Schulteis, C.J., dissenting).
¶ 32 Absent an instruction on the lesser included crime, the jury cannot find him guilty of that crime. Harris, 121 Wash.2d at 320, 849 P.2d 1216. The State asks us to do *558 on appeal what the neither the jury nor the trial court was authorized to do at trial. We lack such authority.
¶ 33 We reverse the conviction for second degree child molestation under count IV and remand for resentencing.[9]
WE CONCUR: SPEARMAN and GROSSE, JJ.
NOTES
[1] This court's previous opinion explained that:

Observing that RCW 9A.44.083, child molestation in the first degree, requires that the victim be less than twelve years old, the trial court ruled that as a matter of law there was insufficient evidence for the jury to find that B.Z. was less than twelve years old at the time of the offense. The trial court therefore submitted to the jury only an instruction on the lesser offense of child molestation in the second degree.
Heidari, 2005 WL 91696, at *1.
[2] We have not been asked to address whether he may be retried on the crime of attempt. But, we note that a reversal for insufficient evidence generally terminates jeopardy and prevents subsequent retrial. See State v. Linton, 156 Wash.2d 777, 784, 132 P.3d 127 (2006) ("Acquittal of an offense terminates jeopardy."); State v. Wright, 165 Wash.2d 783, 792, 203 P.3d 1027 (2009) ("A reversal for insufficient evidence is deemed equivalent to an acquittal, for double jeopardy purposes, because it means `no rational factfinder could have voted to convict' on the evidence presented." (quoting Tibbs v. Florida, 457 U.S. 31, 40-41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982))).
[3] RCW 10.61.003 states, "Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense."
[4] RCW 10.61.006 states, "In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information."
[5] RCW 10.61.010 states in part, "Upon the trial of an indictment or information, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime."
[6] Freidrich brought a habeas petition in the federal court arguing that the superior court's subsequent entry of judgment of murder in the second degree was void. In re Friedrich, 51 F. 747, 748-49 (C.C.D.Wash.1892). The federal court agreed with Freidrich that the remand was improper but refused to grant habeas relief because Freidrich had a remedy in the state courts. Id. at 748-751. The U.S. Supreme Court affirmed. Ex parte Frederich, 149 U.S. 70, 13 S.Ct. 793, 37 L.Ed. 653 (1893).
[7] See State v. Freidrich, 4 Wash. 204, 224-25, 29 P. 1055 (1892) (first degree murder reduced to second degree murder because of insufficient evidence); State v. Bucknell, 144 Wash.App. 524, 531, 183 P.3d 1078 (2008) (one count of second degree rape reduced to one count of third degree rape because of insufficient evidence, no information on whether jury was instructed on lesser charge); Gamble, 118 Wash.App. at 336, 72 P.3d 1139 (one count of second degree felony murder reduced to one count of first degree manslaughter); State v. Maganai, 83 Wash.App. 735, 740, 923 P.2d 718 (1996) (attempted rape in the first degree reduced to attempted rape in the second degree because of insufficient evidence, no information on whether jury was instructed on lesser charge); Brown, 50 Wash.App. at 878-79, 751 P.2d 331 (criminal trespass in the first degree reduced to second degree criminal trespass, no instruction given on lesser included offense); State v. Thompson, 35 Wash.App. 766, 772, 669 P.2d 1270 (1983) (escape in the first degree reduced to escape in the second degree); State v. Papadopoulos, 34 Wash.App. 397, 405, 662 P.2d 59 (1983) (first degree robbery reduced to second degree robbery) overruled on other grounds by State v. Davis, 101 Wash.2d 654, 682 P.2d 883 (1984); Plakke, 31 Wash.App. at 267-68, 639 P.2d 796 (first degree robbery reduced to second degree robbery); State v. Martell, 22 Wash.App. 415, 416, 419, 591 P.2d 789 (1979) (burglary in the second degree reduced to criminal trespass in the second degree despite the trial court refusing to instruct the jury on criminal trespass in the second degree, but the jury was otherwise instructed on the elements of the crime).
[8] Similarly, in a juvenile context, there is no jury. RCW 13.04.021(2). We would expect that the appropriate rule to apply in that case would be the rule in Gilbert rather than in Green. See, e.g., State v. Kovac, 50 Wash.App. 117, 121, 747 P.2d 484 (1987) (in juvenile case, possession with intent to deliver reduced to simple possession).
[9] Heidari also requested costs and submitted a cost bill. We remind him that his cost bill should be resubmitted after this opinion is filed consistent with RAP 14.