IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54150-5-II |
| Respondent, | |
| v. | |
| SHANDA RENE BROOKS, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Shanda Rene Brooks was convicted of two counts of first degree theft. Brooks appeals her judgment and sentence. Brooks argues, and the State concedes, that the trial court miscalculated the total amount that she wrongfully obtained from her employer. Both parties agree that this court should remand for entry of a conviction against her for second degree theft on count 2.

We accept the State's concession. We hold that Brooks's conviction for first degree theft for count 2 is invalid due to the trial court's mathematical error. Accordingly, we remand for the trial court to vacate the first degree theft conviction on count 2, enter a second degree theft conviction on count 2, and resentence Brooks. The trial court should correct additional errors identified below upon resentencing.

FACTS

In 2017, Brooks was employed as a bookkeeper for two small businesses in Grays Harbor County, RC Fence and Dean's Diesel and Excavation (Dean's Excavation).

The State charged Brooks with two counts of first degree theft for taking over $5,000.00 from each business in a series of unauthorized transactions. The State alleged Brooks took approximately $10,592.07 from Clayton Wenger, owner of RC Fence, between March 17, 2017 and October 28, 2017 (count 1). The State also alleged Brooks took approximately $5,433.11 from Dean Benjamin, owner of Dean's Excavation, between March 31, 2017 and November 20, 2017 (count 2).

Brooks waived her right to a jury trial. The trial court found Brooks guilty of both counts under RCW 9A.56.030(1)(a), theft of property or services that exceeds $5,000.00 in value. At sentencing, the trial court imposed concurrent 12 month sentences for each count.

The trial court adopted findings of fact and conclusions of law to support its verdict. For count 1, the trial court differentiated between Brooks's unauthorized credit card charges and unauthorized checks wrongfully obtained from RC Fence. The trial court found that the total of Brooks's unauthorized credit card charges was $5,040.10, while the total value of the unauthorized checks was $5,184.72. To support the latter summation, the trial court listed four unauthorized checks deposited into the bank accounts of Brooks or her husband in the amounts of $317.03, $449.58, $420.32, and $1,500.00.

For count 2, the trial court found that Brooks wrongfully obtained $6,999.36 from Dean's Excavation. To support its conclusion, the trial court referenced five unauthorized checks made to Brooks in the amounts of $1,560.00, $660.00, $1,140.00, $234.58, and $342.50.

Brooks appeals her judgment and sentence.

## I. MATHEMATICAL ERROR COUNT 2

Brooks argues, and the State concedes, that the trial court miscalculated the total amount she wrongfully obtained from Dean's Excavation, resulting in an erroneous conviction for first degree theft on count 2. The parties agree that this court should remand for entry of a conviction for second degree theft on count 2. We accept the State's concession.

RCW 9A.56.030(1)(a) provides that "a person is guilty of theft in the first degree if [they] commit[] theft of . . . [p]roperty or services which exceed(s) five thousand dollars in value." To determine the degree of theft, "the State may aggregate the amounts lost in a series of transactions due to a common scheme or plan." *State v. Bonefield*, 37 Wn. App. 878, 881, 683 P.2d 1129 (1984). When there is sufficient evidence to support conviction of a lesser degree crime, an appellate court may remand for entry of judgment and sentence on the lesser degree crime. *State v. Atterton*, 81 Wn. App. 470, 473, 915 P.2d 535 (1996). The court may do so only if the record shows the fact finder found each element of the lesser offense. *In re Pers. Restraint of Heidari,* 174 Wn.2d 288, 294, 274 P.3d 366 (2012).

Here, the trial court found that Brooks wrongfully obtained $6,999.36 from Dean's Excavation, exceeding the monetary threshold for first degree theft. To arrive at that sum, the trial court added together five checks that the court found had not been authorized: $1,560.00, $660.00, $1,140.00, $234.58, and $342.50. The trial court erred in its calculation—the correct total is $3,937.08. Accordingly, the trial court's findings cannot support a conviction for first degree theft for count 2 because the losses do not exceed $5,000.00. Instead, the amount Brooks wrongfully obtained from Dean's Excavation supports a second degree theft conviction.

Brooks asks this court to remand for entry of a conviction on count 2 for second degree theft, and the State agrees. A person is guilty of second degree theft if they commit theft of property or services exceeding $750.00 but not exceeding $5,000.00 in value. RCW 9A.56.040(1)(a). The trial court's findings support a conviction of second degree theft on count 2. Based on the trial court's findings and the parties' agreement, we conclude that remand is appropriate for the trial court to vacate the conviction for first degree theft on count 2, enter a conviction for second degree theft on count 2, and resentence Brooks.

## II. OTHER ERRORS

### A. Calculation Errors on Count 1

Brooks argues, and the State concedes, that the trial court's findings of fact and conclusions of law miscalculated the total value taken from RC Fence in count 1. We accept the State's concession and direct the trial court to correct the mathematical error on remand.

A scrivener's error is one that, when corrected, would convey the expressed intent of the trial court. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The remedy for a scrivener's error is correction upon remand. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

In its findings of fact, the trial court listed four unauthorized checks drawn from an RC Fence account for $317.03, $449.58, $420.32, and $1,500.00. The trial court miscalculated the sum of the four checks as $5,184.72. The correct total is $2,686.93. In its conclusions of law, the trial court calculated RC Fence's total losses as $10,224.82, the mathematical result from adding Brooks's total unauthorized credit card charges, $5,040.10, and the miscalculated total of the unauthorized checks, $5,184.72. The correct total is $7,727.03. Because the total losses exceed

$5,000.00, the trial court's miscalculation does not affect Brooks's conviction for first degree theft for count 1.

B.     Other Scrivener's Errors

Brooks argues that her judgment and sentence contains scrivener's errors in that it misstates the date of the trial court's verdict and the date ranges for both crimes. The State does not object to amending the judgment and sentence to correct these errors.

Brooks's judgment and sentence incorrectly states that the trial court rendered its verdict on September 3, 2019. Instead, the trial court rendered its verdict the following day on September 4, 2019. Next, Brooks's judgment and sentence provided specific dates—March 17, 2017 and March 31, 2017—for each charged offense. The information and the evidence at trial demonstrated that the unauthorized conduct for count 1 occurred between March 17, 2017 and October 28, 2017, while count 2 occurred between March 31, 2017 and November 20, 2017. On remand, we direct the trial court to correct these errors upon resentencing.

## CONCLUSION

We remand for the trial court to vacate the first degree theft conviction for count 2, enter a conviction of second degree theft for count 2, and resentence Brooks. The trial court must also correct the scrivener's errors identified above upon resentencing.

No. 54150-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Maxa, J.